JAMES Y. CALDWELL, Sheriff, &c., Plaintiff in Error, *vs.* JOHN BRUGGERMAN, Assignee, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

An allegation that the Plaintiff claims title to property by "virtue of an instrument in writing, executed by one Rothmund, dated July 14, 1858, whereby the said Rothmund, then owner of said goods and chattels; for a valuable consideration, duly sold, assigned, transferred and set over to the Plaintiff, the goods and chattels above referred to," will be sustained by evidence of a voluntary assignment of the property in question, by Rothmund and his wife, for the benefit of his creditors. The allegation of an absolute ownership of the property, would be supported by such an instrument, and the fact that the wife of the assignor of personal property, joins him in a general assignment for the benefit of creditors, although unnecessary, does not invalidate the conveyance.

Under a general denial in an answer, anything may be shown that tends to controvert *directly* the allegations in the complaint.

Judgment for the Plaintiff, that he recover of the Defendant the property described in the complaint, or in case a delivery thereof cannot be had, the value thereof, assessed by the jury at $1200. *Held*—That it was not necessary that the value of each article should have been found severally. That in case a part of the property only can be obtained, the Plaintiff may be permitted to elect to take that part, and a judgment for the value of the remainder. And in such case he may demand that the jury assess the value of the property separately.

The Defendant in error sues the Plaintiff in error to recover the possession of certain personal property.

He bases his right of recovery on an alleged absolute ownership of the property, which he says the Defendant "unlawfully and wrongfully came into possession of," and "now unlawfully and wrongfully detains."

Besides a general allegation of ownership, the complaint avers title under an absolute bill of sale, or "instrument in writing," executed to him by one Leonard Rothmund. The complaint contains no description or recital of the property at all, but for such description and recital refers to a schedule annexed to the complaint.

The answer denies every allegation of the complaint.

The cause was tried by a jury, and on the trial Defendant's counsel interposed objections to the admission of certain evidence, and also to certain portions of the charge of the Judge, which objections were overruled and exceptions were taken by Defendant's counsel to such decisions. The jury returned a verdict for the Plaintiff, and a motion for a new trial upon a settled statement of the case was made and overruled *pro forma* and without argument. This statement of the case comes up as part of the record, and presents to the Court the whole case.

Points and authorities of Plaintiff in Error.

*First.*—An examination of the Plaintiff's complaint shows that the action is *replevin in the detinet*, according to the late practice of New York; and according to the Common Law practice it is *detinue*. No wrongful *taking* is alleged, but simply a wrongful *detention*. This distinction is important in the present case. The allegation is, "that on the 30th day of July, 1858, the Defendant unlawfully and wrongfully came into the possession of the same, [the property] and now unlawfully and wrongfully detains the same from the Plaintiff, to his damage of twelve hundred dollars." There is no *taking* at all alleged here. It would be a violation of all principle to maintain that the allegation that the Defendant "unlawfully and wrongfully came into possession" of the property amounted to the allegation of *wrongful taking*. It is indeed no allegation of *taking* at all, wrongful or otherwise. It will be borne in mind that in actions of replevin at Common Law, as also in actions of replevin *in the cepit* under the late New York practice, the *taking* is the *gist* of the action, and to constitute a tort this taking must be *wrongful*. It was even held in New York, (*Reynolds vs. Lounsbury*, 6 *Hill*, 534) and was also held by the late Territorial Supreme Court of Minnesota, (1 *Minn. Rep.* 140) that it was necessary to allege that the taking was *wrongful*, and that an allegation of taking simply was not sufficient. Where there was no wrongful taking, but only a wrongful detention, the action was *detinue* at Common Law, and *replevin in the detinet* under the late New York practice. Our action for the recovery of the possession of personal pro-

perty is a substitute for replevin and detinue at Common Law, and for replevin in the *cepit* and replevin in the *detinet* under the late New York practice.

Upon actions of detinue and replevin see generally : 1 *Chitty's Pl. p.* 121–124 ; 1 *Chitty's Pl. p.* 162–165 ; 2 *Burrill's Pr. p.* 1–16.

2. It being clear that this action is detinue or replevin in *the detinet*, the *gist* of the action therefore is a wrongful *detainer*. Does the complaint state " facts sufficient to constitute a cause of action ?" The answer to this question cannot be doubtful.

(A.) The complaint contains no allegation of *demand and refusal*, and hence does *not* state facts sufficient to constitute a cause of action.

*Second.*—There was no admissible evidence to support the Plaintiff's case.

1. The deed of assignment executed to the Plaintiff by one Rothmund and his wife for the benefit of his, Rothmund's, creditors, (see statement of case) was improperly admitted in evidence. *Vansantvoord's Pl. pp.* 275, 277, 279, 355 ; *Fairbanks vs. Bloomfield,* 2 *Duer,* 349 ; 2 *Greenleaf's Evi. Sec.* 637 *and note* (4) ; *Sec.* 638 ; 2 *Burrill's Pr.* 4.

2. The testimony of the witness Rothmund, relative to the taking, and relative to the property described in the schedule annexed to the complaint, was improperly admitted.

*Third.*—Admitting the evidence, it does not make out the Plaintiff's case.

*Fourth.*—Admitting the evidence, it shows *affirmatively* that the Plaintiff has no case.

*Fifth.*—1. The Court below erred in charging the jury :

*1st.* That the Plaintiff was entitled to a verdict for a return of the property.

*2d.* That he was entitled to have the value of the property assessed at twelve hundred dollars.

The record shows that there was evidence to be weighed by the jury.

2. The Court below erred in refusing to charge the jury that if they found there had been no *demand* nor *refusal* prior to the commencement of the action, they must return a verdict for the Defendant.

*Sixth.*—The jury in such actions are bound, where there are several chattels, to *assess* the value of each chattel or parcel of property separately, and not in gross.   Otherwise how could a judgment be executed in case the delivery of a portion of the property could be had, and that of the balance could not be had.

Such a mode of assessment was always practiced in actions of *detinue* under the old system; and it is absolutely necessary to give effect to the provisions of our statutes.   1 *Chitty's Pl.* *pp.* 124–5; *Revised Statutes, p.* 356, *Sec.* 38; *Revised Statutes, p.* 360, *Sec.* 70; *Revised Statutes, pp.* 361–2, *Sec.* 82.

Points and authorities of Defendant in Error.

*First.*—The Court below decided correctly that there was no variance, or at least none that was in anywise material between the allegations in the complaint and the deed of sale.

If there is no allegation in the complaint that the wife of the assignor joined in executing the deed of assignment, none was necessary, as the assignor could pass title to personal property without his wife uniting in the bill of sale.

It was not necessary that we should set out any fact going to establish our title or to show how we came by the property. The allegation of ownership, and our right to immediate possession, was sufficient.

The Defendant, by simply putting in a general denial could introduce no fact to disprove our title or right of possession. A *prima facia* case is all that was necessary for us to make out.

*Second.*—The Court was correct in admitting the testimony of the witness Rothmund, as to the fact that the Defendant below took possession of the goods after the assignment.

He could not well testify as to the taking without saying something about the mode of taking, and the fact of there being no allegation that the Defendant " took" the goods, or as to the mode of taking, in so many words, forms no ground for objecting to the testimony, as other appropriate words and of the same import were used.

Besides, where there is an allegation of unlawful possession and detention set out, no allegation of taking is necessary.

*See New York Code of* 1858, *p.* 148, *and cases there cited; also* 20 *Barb. pages* 493 *and* 500.

*Third.*—The fact that the property sought to be recovered is set forth and described in a schedule attached to and referred to as forming a part of the complaint, is no reason whatever for objecting to evidence being given under that form.

This manner of pleading is supported by the general practice, and decisions of long standing. It is the most convenient form of description, and is by no means liable to objection for want of definiteness or certainty. *Vide New York Code of* '58, *p.* 148; 20 *Barbour,* 493.

*Fourth.*—It was not necessary to allege a demand for the delivery either, nor a refusal by the Defendant to deliver the goods. No demand or refusal was necessary to maintain the action. The allegation of unlawful and wrongful possession, and unlawful and wrongful detention makes this unnecessary also.

The exception by the Defendant below to the Judge's charge on this point, would have been good perhaps if the Defendant had been an innocent purchaser or holder of the property, but not so as the pleadings stood in this case.

(A.) To have made a demand and alleged it, and a refusal, would have been an idle ceremony, and, if not a necessary allegation, such a charge to the jury as the Defendant requested would have been grossly erroneous. 2 *Kernan Rep.* 626.

Lorenzo Allis, Counsel for Plaintiff in Error.

N. G. King, Counsel for Defendant in Error.

*By the Court.*—Atwater, J. This was an action brought in the District Court of Ramsey county, by Bruggerman, the Plaintiff below, to recover possession of certain personal property. Passing over the objections of the Plaintiff in error to the complaint, which we think are untenable, we will consider some of those in reference to the admission of evidence, the charge to the jury, and verdict.

The Plaintiff claims title to the property in question " by virtue of an instrument in writing," (as it is called in the com-

plaint) executed by one Rothmund, July 14th, 1858, "whereby the said Rothmund, then owner of said goods and chattels, for a valuable consideration, duly sold, assigned, transferred and set over to the Plaintiff the goods and chattels above referred to."

Upon the trial, the Plaintiff offered in evidence to sustain this allegation, an instrument in writing, which was an ordinary deed of assignment of the property in question from Rothmund and his wife to Bruggerman. The Defendant objected to the introduction of this evidence, on the ground that "the complaint alleges absolute ownership of the property in the Plaintiff, and also title under an instrument in writing executed to him by Rothmund;" whereas the instrument offered was executed by Rothmund and wife; and second, the conveyance was not absolute, but qualified, being a conveyance *in trust*, for the benefit of others.

This objection is not well taken. The deed was proper evidence to substantiate the allegations of the complaint. If Rothmund was owner of the property, and had right to convey the same, the joining of the wife, although unnecessary, could not invalidate the conveyance by Rothmund; nor could the offer of such an instrument in evidence prejudice the Defendant. At most, it was mere surplusage. The Defendant objected that the complaint alleged the Plaintiff to be the absolute owner of the property, whereas the instrument offered showed him to be a qualified owner, or the conveyance a qualified one. This is an error. We are not aware that the term "absolute," as used by the counsel for the Plaintiff in error, with reference to the words owner or ownership of the property in question, gives any additional force to or qualifies those terms. If it does, it is sufficient to say that the term is not used in the complaint. But even had it been, the allegation would be supported by the instrument. If any thing, it is an absolute conveyance of the property. It contains no condition of defeasance, no provision for the assignor to resume control of the property or any part thereof. He directs the assignee to sell all the property, reserving only the right to the *proceeds* that might remain after paying his debts. The purpose for which the conveyance was made must not be con-

founded with the fact of the conveyance itself—they are separate and distinct matters. This conveyance is likened to, or illustrated by, that of a mortgage, but they are widely different. The sale or conveyance itself in this case, is just as absolute as it would be were the Plaintiff to hold the property in his own right, and in the eye of the law he is the owner of the property, required however to dispose of it and apply the proceeds in accordance with the terms of the trust.

Rothmund was sworn as a witness on the part of the Plaintiff, and among other things testified as follows, viz: " I know the Plaintiff, Mr. Bruggerman. After the assignment Plaintiff took possession of the goods and remained in the shop or store two or three days."

On his cross-examination, the witness testified "that, he, witness, remained in his shop where said goods were, and in possession of the same, from the time of said assignment until said Defendant took possession, and that the said Plaintiff, during all said time, was at Henderson, about seventy miles from St. Paul, and that said Henderson was Plaintiff's place of residence." This was all the evidence that appears in reference to delivery or possession by the Plaintiff.

The Court charged the jury "that the Plaintiff is entitled to a verdict for a return of the property, and as the pleadings and proof stood, he was entitled to have the value of the property assessed at twelve hundred dollars." To which the Defendant excepted.

In view of the pleadings and proof, we think this charge was erroneous. The answer is a denial of each and every allegation of the complaint. The allegation of ownership by the Plaintiff is therefore denied. In *Bond vs. Corbett*, 2 *Minn.* 248, it was held that "any thing that tends to controvert *directly* the allegations in the complaint may be shown under a general denial." The Defendant might therefore introduce evidence to show that Bruggerman was not the owner nor entitled to the possession, and that Rothmund was.

The testimony of Rothmund tended to show that there had never been a delivery of the property to, nor any possession by the Plaintiff, and the Defendant was entitled to have the fact submitted to the jury and passed upon by them. The charge

Caldwell *v.* Bruggerman.

of the Court took the case from the consideration of the jury, and directed them (in effect) to find' for the Plaintiff for a specified amount. If the jury should find from the evidence that there had been no delivery of the property to the Plaintiff, and no possession thereof by him, the action could not be maintained.

The jury assessed the value of the property in gross at $1200. The counsel for the Plaintiff in error claims that this was erroneous, and that the value of each article should have been found severally. *Sec.* 38, *p.* 561, *Comp. Stat.,* provides that in certain cases the jury must assess the value of the property. Nothing is said as to assessing the value of each article separately, and a finding of the value in gross is a compliance with the terms of the statute. We have found no authorities based upon a like statute, which hold that a separate assessment of value is required. At all events, we do not see that the Defendant below can complain of the finding of the jury, as to the value. The judgment was that the Plaintiff recover of the Defendant the property described in the complaint, or in case a delivery thereof cannot be had, the value thereof, assessed by the jury at twelve hundred dollars, &c. Under the New York practice, the successful party, if he had not possession of the property at the rendition of the judgment, could elect to take judgment for a return of the property or the value thereof. If the Defendant by his own acts, has rendered a return of the property impossible, it is not for him to object if he is required to pay the value thereof. Where a judgment is rendered for the Plaintiff, as in this case, it would seem that in case a part of the property can only be obtained, he should be permitted to elect to take that part, and a judgment for the value of the remainder. And should he in such case demand that the jury assess the value of the property separately, we think he would be entitled to such direction from the Court. But in the case at bar, the Plaintiff makes no objection to the assessment, and there is no reason why the Defendant, who is adjudged to be the wrong doer, should have the same right of election.

The judgment below is reversed, and a new trial granted.