NORTH STAR BOOT & SHOE CO. v. BRAITHWAITE.

1. VERDICT OF JURY—NOT SUSTAINED BY ANY EVIDENCE—VALUE OF GOODS.

In an action of claim and delivery where the highest valuation placed upon the property by the evidence was $2,316.11, and the verdict of the jury fixed the value at $2,700.00, *held*, grounds for reversing the judgment.

Filed May 26, 1887.

Appeal from the district court of Burleigh county.

*H. F. Miller*, for plaintiff and appellant.

*Hollenback & Wright*, for respondent.

FRANCIS, J. This was an action in the nature of an action in claim and delivery to recover the possession of certain personal property consisting of boots, shoes, etc., or the value thereof in case a delivery could not be had, and damages for the detention thereof.

On the trial the jury rendered the following verdict: "We, the jury, find in favor of the defendant and against the plaintiff, and that the defendant is entitled to the return of the property mentioned and described in the complaint, or if a return thereof cannot be had, that he recover from the plaintiff the sum of $2,700, which sum we find to have been the value of said property on the day the plaintiff took the same, viz., January 26, 1885, together with $228.37 interest thereon from January 26, 1885, to this date, April 9, 1886, at seven per cent, making in all the sum of $2,928.37.

The motion for a new trial was made and denied *pro forma* by the court, without argument.

April 9, 1886, judgment was rendered in accordance with the verdict.

The highest value of the goods in question, proved in the evidence, was $2,316.11. The variance between the proof, as to the value, $2,316.11, and the verdict of the jury fixing the value at $2,700 was not called to the attention of the court at the time the jury rendered their verdict and before they were discharged.

Such matters should always be brought to the knowledge of the court before the jury is discharged, in order that the verdict may be corrected while it is the power of the court to have such correction made. Much unnecessary litigation and cost may be saved thereby, and often, hardship or injustice prevented.

The judgment of the district court is reversed and a new trial ordered, unless both parties consent to a modification of the judgment, by reducing to the sum of $2,316.11, together with interest thereon from January 26, 1885, to·April 9, 1886, at seven per cent, $195.00, making in all the sum of $2,511.11.

All the justices concurring.