THE HOME INSURANCE COMPANY OF NEW YORK v. E.
A. WAGNER.

No. 547.   (57 Pac. 1049.)

PRACTICE, DISTRICT COURT—*Allegations of Value—Amendment
after Verdict.*   In an action upon an insurance policy for the
loss sustained by the destruction of the property insured, the de-
fendant has a right to rely upon the allegations of the petition as
to the value of said property, and where the jury find a verdict
for a larger sum than is warranted by the petition, it is reversible
error for the court, after verdict, to allow the plaintiff to amend
his allegations of value so as to cover the amount of the verdict.

Error from Jefferson district court; LOUIS A. MY-
ERS, judge.   Opinion filed July 18, 1899.   Reversed.

*Fyke, Yates & Fyke,* and *J. G. Slonecker,* for plaintiff
in error.

*Stebbins & Evans,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.:   This action was brought in the district
court upon a policy of insurance issued by the Home
Insurance Company to Daniel Focht, insuring him
against loss by fire to the amount of $300 on his stor-
age building in the city of Madison, Kan., and $1375
on baled hay therein.   Said policy contained a three-
fourths valuation clause.   With the consent of the
insurance company, the policy was assigned to E. A.
Wagner, the plaintiff below, and afterward, within
the time covered by the policy, the property was
wholly destroyed by fire.   In the petition the value
of the building was alleged to be over $300, and it was
alleged that there were 330 tons of hay, of the value of
$1650, and the plaintiff's interest therein was more
than the insurance thereon.   In answer to the peti-

tion, the defendant pleaded a violation of the terms of the policy by conveying an undivided one-half interest in the property insured to Mrs. Holderman, and by encumbering the property by chattel mortgage.

To this answer the plaintiff replied that if he had conveyed the property it was simply intended as a chattel mortgage to secure the payment of money, and that defendant through its officers and agents had knowledge thereof and consented thereto. Afterward, by leave of court, the plaintiff amended his petition by making Daniel Focht, the Madison Bank and Charlotte Holderman defendants therein, and asked that any interest they might have in said property might be held inferior to plaintiff's; and by alleging that the building destroyed was real estate, and asking $150 attorney fee for collecting said loss.

Charlotte Holderman answered, admitting that she was the owner of one-half of the hay burned, and asked judgment for one-half of the insurance thereon.

The case was tried to the court and a jury, and a verdict was returned for the plaintiff against the defendant insurance company for $1825.75. After the verdict was returned into court the plaintiff was allowed, over the defendant's objection, to amend his petition by changing his allegation of the value of the building from $300 to $450, and of the value of the hay burned from $1650 to $2727. The verdict was then approved by the court and judgment rendered accordingly. To reverse this, the matter is brought to this court upon a petition in error.

The defendant in error moves the court for an order dismissing these proceedings in error for the reason that there is a defect of parties apparent upon the record. This motion must be overruled. The verdict of the jury amounted to a finding that the other defend-

Insurance Co. v. Wagner.

ants had no interest in the matter, and, as they took no exceptions to this, it is binding upon them and upon the plaintiff.

There are five allegations of error relied upon, but, as the fifth is founded upon the other four, it does not require separate consideration.

The first and second allegations of error are that the court suppressed the so-called deposition of Mel Marquis, and refused to grant a continuance to enable the defendant to retake the same. The instrument referred to was not a deposition in any statutory sense whatever. It was simply an affidavit. No motion to suppress was necessary. It could not be read in evidence over the objection of the other side, and no showing was made which entitled the defendant to a continuance.

The third assignment of error was in giving and refusing instructions, but the record is not in such condition as to warrant a consideration of this allegation, as it does not appear that all the instructions given or refused are embodied therein.

The fourth allegation of error is in allowing the plaintiff to amend his petition after the verdict, so as to authorize the verdict found. Under the allegations of the petition, the most that the plaintiff could recover was $1462.50 and interest, and the court should have so instructed the jury. A party is bound by the allegations of his pleadings and the opposite party has a right to rely thereon. It is true that a trial court has a broad discretion in allowing amendments even after a verdict, in furtherance of justice, but we cannot believe that it would be in furtherance of justice to allow a party to plead a value to a thing in controversy at such a sum as the other side was willing to admit as fair, and offer no evidence in re-

lation thereto, and then, after it is too late for the opposite party to contradict it by amendment, secure a judgment for more than was claimed when the trial was closed. The judgment of the district court is reversed and a new trial directed, unless the defendant in error shall remit the sum of $229.94 of said judgment.