MARY E. HIGGINS v. THOMAS WREN.

May 16, 1900.

Nos. 12,174—(86).

## Charge to Jury—Reputation of Witness for Veracity.

The testimony of a witness whose reputation for truth and veracity in the neighborhood in which he resides is shown to be bad is not necessarily destroyed, but should be considered, and given such weight as, under all of the circumstances, the jury believe it entitled to. It should be disregarded if the jury believe it entitled to no weight.

**Same—Error.**

The instruction given on this point by the court below *held* to be erroneous.

Action in the district court for Wright county to recover $200, and interest, damages for the conversion of a note and mortgage. Lizzie Stowell intervened. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff and against defendant and the intervenor for $263. From an order denying a motion for a new trial, the intervenor appealed. Reversed.

*James C. Tarbox*, for appellant.

*Alley & Culkin* and *J. J. Woolley*, for respondent.

COLLINS, J.

On the trial of this cause there was testimony received tending to impeach one of the defendants who had testified as a witness, as unworthy of credit, on the ground of general bad reputation for truth and veracity in the neighborhood wherein he resided. The court subsequently charged the jury as follows:

"If the jury believe from the evidence in this case that the reputation of any witness in this case for truth and veracity in the neighborhood where they reside is bad, then the jury have a right to disregard his whole testimony, and treat it as untrue." At this point defendant's counsel called special attention to the words "treat it as untrue," and thereupon the court resumed thus: "That is, you have a right to treat his testimony as untrue; that is, you have the right—the law does not require that you must, but that you have the right—to treat it as untrue, except where it is corroborated by other creditable evidence, or by facts and circumstances proved on the trial."

To this part of the charge counsel reserved an exception. We are of the opinion that this statement of the law was altogether too broad. This instruction authorized the jury to wholly disregard and reject all of the testimony given by the witness if satisfied that his general reputation for truth and veracity was bad in the neighborhood in which he resided, no matter how truthful all or a part of such testimony might in itself, and standing alone, appear to be. It is true that this language was taken bodily from a well-known work on instructions to juries, but the author cites no authority in

support of it. Nor do we find any. We are of opinion that the instruction upon this point approved in State v. Miller, 53 Iowa, 209, 4 N. W. 1083, is one which will be better understood and much better serve the purpose, as follows:

"Where it is shown that the reputation for truth of a witness is bad, his evidence is not necessarily destroyed, but it is to be considered under all the circumstances described in the evidence, and given such weight as the jury believe it entitled to, and to be disregarded if they believe it entitled to no weight."

The successful impeachment of a witness merely affects his credibility.

Order reversed.