## FIRST NAT. BANK OF CUSTER CITY v. CALKINS.

1. Comp. Laws, § 4652, defines a creditor as one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money. Held, that a seller, as to whom the sale was void by reason of his mental incapacity, was a creditor of the buyer so as to render a chattel mortgage on the property given by the buyer to a third person presumptively fraudulent, as against the seller, because the buyer had been permitted by the mortgagee to dispose of the property for his own benefit.

2. It is error to permit an amendment of a pleading increasing the amount of the recovery prayed, to conform to the verdict, without setting aside the verdict and granting a new trial on payment of costs.

3. Where a judgment is erroneous because exceeding the amount of the recovery prayed, a new trial will be directed on appeal unless the respondent remits the excess.

4. Comp. Laws, § 5063, relating to the recovery of specific personal property, provides that the jury must find the value of the property, and if so instructed, the value of specific portions thereof. Section 5099 authorizes entry of judgment for the possession, or for the recovery of possession, or the value thereof in case delivery cannot be had. Held, that a verdict finding the value of the property in the aggregate was not erroneous, in the absence of an instruction to find the value of each item separately, or demand therefor.

5. Where on appeal a remittitur of $1,210 is ordered from a judgment for $5,170, costs will be allowed the appellant.

(Opinion filed Feb. 4, 1903.)

Appeal from circuit court, Faulk county.   Hon. LORING E. GAFFY, Judge.

Action in claim and delivery by the First National Bank of Custer City against Israel Calkins. Judgment for defendant, and plaintiff appeals.   Modified.

*J. H. Bottum* and *Martin & Mason,* for appellant.

As the defendant had not complied with the decree in  the case of Calkins v. Perkins at the  time  this suit was  brought, that first decree is decisive of this  case  in  favor  of  plaintiff. Wells  on Rep. §§32, 94; Campbell v. Williams 39 Ia. 646.

The trial court erred in  admitting  in  evidence  the  judgment roll in the case of Calkins v. Perkins, and in not  permitting the plaintiff to dispute the findings of  alleged facts  upon which the decree in that case was  found.   Black  on  Judj.  §§ 219, 534, 549, 550; Leitch v. Wells 48 N.  Y.  585;  Wakefield  v. VanDorn 73 N. W. 226; Conely v. Dudley 69 N. W.  151;  Barkley v. Leiter 68 N. W. 381.

The trial court erred in the instructions given to the  jury to the effect that if the bauk permitted Perkins  to  dispose of a portion of the mortgaged property without accounting to the bank for the proceeds, the mortgage was presumptively fraudulent.   Comp. Laws § 4659;  Chicago Lumber Co. v. Fisher 25 N. W. 340; Collins v. Myers 16  O.  554;  Johnson  v.  Phips  6 Neb. 401;   Spurr v. Hull 61 N. Y. Sup. 854;  Williams v. Miller, 49 Pac, 703; Sherwin v. Gaghagen, 57 N. W, 1005, Kay  v. Noll, 30 N. W , 269,273; Fitzgerald v. Andrews, 17 N.  W., 370; Joseph v. Boldridge, 43, Mo. App. 333;  Horton  v.  Williams, 21 Minn. 187; Fileback v. Bean, 47 N. W., 969; Wise v.  Rider, 34 N. Y. Sup. 782; State v. Roever, 55,  Mo.  App.  448;  State v. Distiling Co., 1 Mo. App. 169.

The defendant should not prevail against the  plaintiff  in this case except by showing that Perkins obtained the  bill  of sale and the possession  of the property from  the  defendant fraudulently  and secondly that the plaintiff participated in the fraud or bad faith.   Comp. Laws, §§ 4653,  4656,  4652,  3421; 1 Cobby Chat. Mort. § 192; Malcolm v Loveridge 13 Barb 772.

The trial court erred in allowing the second amended answer after trial.    Walker v. O'Connell 52 Pac. 894; Buxton v. Sargeant, 75 N. W. 811, 814; Mendenhall v. Water Power Co., 39 Pac. 399; 4 Wait's Practice, p. 666; 1 Ency. Pl. & Prac. p. 652; Sweet y. Electric Co. 31 Atlantic 721, 722; Corning v. Corning, 6 N. Y. 97; Brown v. Smith, 24 Ill, 196; Insurance Company v. Wagner, 57 Pac. 1049.

*Frank Turner* and *G. M. Cleveland,* for respondent.

FULLER, J.   The principal questions of fact and law not being essentially different from those presented on a former appeal of this case, it is not necessary to restate such facts, nor reconsider assignments of error directly passed upon at that time.    It was then held, after a specific statement of all material facts and a careful study of the law, that a certain judgment roll was properly admitted in evidence, and that the circumstances were such as to relieve respondent from the payment of money upon the rescission of a contract adjudged to be void by reason of his insanity.    In both of these particulars the trial court was squarely sustained, and the judgment was reversed for the sole reason that the jury was instructed that the chattel mortgage relied upon by appellant was fraudulent and void, as to respondent, if the former knowingly permitted the mortgagor to dispose of a portion of the property included therein, and appropriate the proceeds to his own use.    Bank v. Calkins, 12 S. D. 411, 81 N. W. 732.    In so far as the record made at the former trial in no way differs from that now before us, the questions as there decided have become the law of the case.    Plymouth County Bank v. Gilman, 3 S. D. 170, 52 N. W. 869, 44 Am. St. Rep. 782; St. Croix Lumber Co. v. Mitchell

et al., 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Wright v. Lee et al., 10 S. D. 263, 72 N. W. 895; Sherman et al. v. Port Huron En. & Th. Co., 13 S. D. 95, 82 N. W. 413. Referring to the case of Calkins against Perkins, wherein plaintiff was adjudged to pay the defendant a certain sum of money before taking possession of the property, we held in our former opinion, at page 417, 12 S. D., 81 N. W. 732, that Calkins was exonerated from such payment by reason of the fact that Perkins had, since the entry of that judgment, disposed of property belonging to Calkins of greater value than the amount specified. Conceding appellant's contention that all property sold prior to the entry of that decree was taken into account by the trial court in determining the amount that Calkins should pay Perkins on the surrender of the herd of horses, consisting of about 200 head of mares, geldings and colts, the fact still remains that Perkins subsequently disposed of them all, by allowing the foreclosure of appellant's mortgage in partial satisfaction of a personal indebtedness, and thereby rendered absolutely impossible a compliance with such decree upon his part.

The various instructions of the court, considered as an entire charge to the jury, are most favorable to appellant, and clearly within the doctrine announced in our former decision of this case. Accordingly, if the evidence established that appellant knowingly permitted Perkins to ship from time to time, and sell in different states, a large number of the mortgaged horses, and appropriate the proceeds to his own use, then such mortgage was presumptively fraudulent as to the creditors of the mortgagor; and such, in legal effect, was the relation of respondent to Perkins. Comp. Laws, § 4652.

In the answer upon which the case was tried, respondent placed the value of the property at $3,500; and for money spent in pursuit of such property, and the loss sustained by the wrongful taking and detention thereof, it was alleged that he had been damaged in the sum of $2,000. Judgment was therefore alternatively demanded for a return of the property, or $3,500. "together with the further sum of $2.000, as damages for the detention of said property, and for the time and money expended by defendant in pursuit of said property; also his costs and disbursements of this action." Soon after the jury had returned an alternative verdict in favor of respondent for $4 710, as the value of the property, and awarding him $460 damages, respondent was allowed, over a proper objection, to amend his answer to conform to the proof as to the increased valuation of the property by reason of the subsequent advance in the market price of horses, the growth of certain colts described in the answer and the foaling of certain colts since the commencement of the action. Although the evidence was probably sufficient to show that the horses converted by appellant, together with subsequent increase, were reasonably worth $4,710, instead of $3,500, as alleged in the answer, it was not in the furtherance of justice to allow an amendment increasing their alleged valuation to correspond to the amount found by the jury. without setting aside the verdict and granting a new trial, conditioned on payment of costs. Brown v. Smith, 24 Ill. 196; Sweet v. Excelsior Electric Co. (N. J. Err. & App.) 31 Atl. 721; Bowman v. Earle, 3 Duer, 691; 4 Wait's Practice, 666; 1 Encyc. of Pl. & Pr. 652; Mendenhall v. Power Co. (Or.) 39 Pac. 399. Respondent ought to be the best judge of what his horses were worth, and $3,500 being all that was

16 S. D.—29

alleged as their value, he was not entitled to recover therefor, in an action in claim and deliveryy, $1,210 in excess of that amount; and appellant has the right to be limited to the amount claimed in the answer upon which the case was tried. The author of the article on the subject of "Replevin" in 1b Encyc. of Pl. & Pr., at page 579, cites supporting authority, and makes the unqualified statement that "it is not within the power of the jury to assess the value of the property in controversy at a greater sum than that alleged in the complaint." Quite universally it is considered reversible error for the court to unconditionally allow a party to amend allegations as to value in order to correspond with a verdict returned in a larger sum than that warranted by the complaint or counterclaim, provided judgment is entered in accordance therewith. Regardless of the proof as to a larger amount, respondent was entitled to recover but $3,500 for his horses, and $460 damages, together with the costs of the action, and appellant is entitled to be restored to its right to have judgment entered for no greater sum. At great expense to the parties, the subject of this action has been in litigation for many years, and, in conformity with the prevailing practice in such cases, we are disposed to restore the parties to the rights that existed at the time the order was made enlarging respondent's demand. There being no other error in the record, this may be done, and the expense of a new trial avoided, if respondent will remit $1,210 of the excessive verdict; and the following authorities are in point upon the proposition: North Star Boot & Shoe Co. v. Braithwaite, 4 Dak. 454, 34 N. W. 68; Home Ins. Co. of N. Y. v. Wagner, 9 Kan. App. 93, 57 Pac. 1049; Corning v. Corning, 6 N. Y. 97.

In the verdict the value of the property wrongfully withheld was found in an aggregate sum, and counsel for appellant contend that the value of each horse should have been separately returned by the jury. Section 5063 of the Compiled Laws, relating to the recovery of specific personal property, provides that the jury "must find the value of the property, and, if so instructed, the value of specific portions thereof;" but in the absence of such instruction, or a demand therefor, there is no merit in the contention. Under provisions like our section 5099 of the Compiled Laws, authorizing the entry of judgment "for the possession, or for the recovery of possession, the value thereof in case a delivery cannot be had," it is held that such requirement is fully satisfied by a finding of the total aggregate value of all the chattels wrongfully withheld. Stevenson v. Lord, 15 Colo. 131, 25 Pac. 313; Caldwell v. Bruggerman, 4 Minn. 270 (Gil. 190,)

The judgment of the circuit court is therefore reversed, and a new trial directed, unless respondent shall remit of such judgment the sum of $1,210. In view of this substantial modification, appellant will be allowed its costs and disbursements in this court.