## STATE v. OSCAR HUEBSCH.[1]

### May 21, 1920.

### No. 21,748.

**Criminal law — conviction upon uncorroborated testimony of accomplice and his own confession.**

1. One accused of crime cannot be convicted upon the uncorroborated testimony of an accomplice nor upon his own confession, but the testimony of the accomplice is corroborated by the confession of the accused and upon such testimony and his confession he may be convicted.

**New trial not required by exclusion of competent evidence.**

2. Evidence that the woman in an incest case, who testified that another person than the defendant was the father of her child which

[1]Reported in 177 N. W. 779.

was claimed by the state to be the result of incestuous intercourse with the defendant, was much in company with such other person at a material time, was competent, but upon the record its exclusion was not prejudicial error which should result in a new trial.

Defendant was indicted by the grand jury, tried in the district court for Blue Earth county before Comstock, J., who when the state rested denied defendant's motion to dismiss the proceeding and at the close of the testimony defendant's motion to direct a verdict of not guilty, and a jury, and convicted of the crime of incest. From the judgment sentencing him to hard labor for a term not exceeding ten years at the St. Cloud Reformatory, he appealed. Affirmed.

*C. O. Dailey,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

DIBELL, J.

Defendant was convicted of incest with his sister and appeals.

1. The evidence upon which the defendant was convicted was the testimony of his sister and his confession. One accused of crime cannot be convicted upon the uncorroborated testimony of an accomplice nor upon his own confession. G. S. 1913, §§ 8462, 8463. But the testimony of an accomplice is corroborated by the confession of the accused, and he may be convicted on such testimony and his confession. State v. Christianson, 131 Minn. 276, 154 N. W. 1095; 3 Wigmore, Ev. § 2059.

2. The defendant's sister testified when on the witness stand that at the time of the birth of her child, claimed to be the result of her incestuous intercourse with her brother, she said another person was its father. Two witnesses testified that she made such an admission. An objection to a question intended to elicit the fact that she was frequently in company with this person at a time which might be material was sustained, and a formal offer of proof, not definitely covering the material date, was refused. The proffered evidence was competent, but in view of the character of the evidence in the case its exclusion cannot be held prejudicial error.

Judgment affirmed.