## STATE v. OLIVER McCLAIN.[1]

June 21, 1940.

No. 32,393.

[1]Reported in 292 N. W. 753.

*Leon H. Brown* and *Z. L. Begin,* for appellant.

*J. A. A. Burnquist,* Attorney General, *M. Tedd Evans,* Assistant Attorney General, and *George A. Barnes,* County Attorney, for the State.

STONE, JUSTICE.

By verdict found guilty of carnal knowledge of a girl (his wife's sister) under 14 years of age, defendant appeals from the order denying his motion for a new trial.

To the asserted surprise of the state, the prosecuting witness denied guilt both for herself and defendant. In consequence, there was no evidence either of *corpus delicti* or defendant's guilt other than two confessions. One was a question and answer statement, signed by defendant without inducement of either threat of harm or promise of benefit, wherein he admitted guilt of the precise charge. He also gave a strongly corroborative, circumstantial history of his relationship with the girl over a considerable period. Therein he showed guilt not alone of the offense upon which he was subsequently tried, but also a later one of abduction. The latter, on his own statement, consisted of taking the girl away from her home on an automobile tour to distant parts, where for days she lived with him in a state of concubinage.

This statement, as narrative of events, presents an unusual amount of explanatory circumstance. It speaks with a degree of candor and spontaneity infrequent in such expressions. Therein defendant asserted that the parents of the girl had not told him to leave her alone. He went on to explain, "Well, I guess she [the mother] tried to keep her away from me, but she

loved me so much she couldn't do it." It is significant that when the county attorney questioningly repeated, "She loved you so much she couldn't keep away from you?" defendant answered, "Yes." As first transcribed and typewritten, that answer was written "No." Defendant, before signing and in his own handwriting, changed the answer to "Yes."

The other confession was judicial or quasi judicial in nature. 20 Am. Jur., Evidence, § 479. When in municipal court for preliminary examination, defendant did much more than merely waive examination. The judge advised him that he was entitled to the services of an attorney. Thereupon defendant answered "that he did not want an attorney, * * * that he did not want a preliminary examination. * * * He said that he was guilty of the thing that he was charged with."

■ When, on the witness stand, the prosecuting witness declared her innocence of wrongdoing, the county attorney asserted surprise and asked leave to cross-examine and impeach. Granted leave to do so, he introduced a statement signed by the witness wherein she had declared that the wrongful act had taken place and that defendant was the other participant. In allowing the claim of surprise, the cross-examination and impeachment that followed, we find no error. The ruling was within the discretion of the trial judge under State v. Saporen, 205 Minn. 358, 285 N. W. 898. See also State v. Lemke, 207 Minn. 35, 41, 290 N. W. 307.

If the trial judge suspected that both the girl and her mother were by perjury attempting to obstruct justice, that someone had done a finished job of "fixing" the witnesses for the state, there is in the record scant ground for disagreement. When a defendant finds himself in such a predicament, he must expect a liberal exercise of the court's discretion against him.

■ There is claim of misconduct. The extrajudicial statement of the prosecuting witness was in for the purposes of impeachment and no other. State v. Saporen, 205 Minn. 358, 285 N. W. 898. The county attorney, in argument, urged it as affirmative evidence of guilt. In other particulars, he may have

transgressed those rules of dignity and propriety to which prosecutors are subject. As matter of propriety, they should give to the jury only the facts and the reasonable inferences therefrom favorable to the state, leaving mere characterizations, especially those of invective, to the jury. The advocate's function is that of argument, not vituperation.

All that is the dictate also of good policy. The argument of understatement, in civil or criminal cases, with dignified and restrained, rather than vituperative, conclusion, always has more appeal than its opposite.

The trouble from defendant's standpoint is that the only exception taken to the state's argument limits the scope of review. That exception assumed that the county attorney had alluded to the fact that defendant "had offered no defense or testimony in this case." Nothing said by the county attorney can fairly be construed as an allusion to defendant's failure to testify. Defendant's written statement had been taken long months before the trial, in the presence of the county attorney, the sheriff, and two deputies. The sheriff and two deputies testified. In a setting of such facts and so many witnesses, the county attorney was within his rights in saying that nobody had "denied anything that is in this statement." The special subject of that remark was defendant's statement in the confession to the effect that nobody had "abused" him in procuring it. It was also proper to emphasize that no one had denied that defendant had signed the statement. (He had subscribed each of its eight pages.)

We find in the record no reference by the prosecution to defendant's failure to testify in his own behalf. That is the only thing prohibited by the statute. 2 Mason Minn. St. 1927, § 9815.

◼ The statute, 2 Mason Minn. St. 1927, § 9902, declares that a "confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed."

We pass the question whether defendant's lengthy statement presented, in addition to his unequivocal admission of guilt, other

evidence to satisfy the statute. We do hold that the additional and formal admission of guilt made in municipal court is enough.

The statute should be given all its intended effect. But it surely intended no such absurd result as a judicial declaration that where a defendant has made full confession, his formal and spontaneous act of appearing in court and making a further solemn and unequivocal admission not only of *corpus delicti*, but also of personal guilt, should not be enough, with the first confession, to sustain conviction.

Defendant's appearance and statement to the municipal judge, made the day after his confession to the county attorney, was admissible (State v. Mamer, 139 Minn. 265, 266, 166 N. W. 345) and was something more than mere speech. It was conduct characterizing and confirming the first confession. It was a formal act and enough, with the earlier expression, to justify a conviction under any proper standard.

On that precise proposition, no authorities have been cited or found. In our view, the conclusion upon which, at this point, decision is reached, is too plain to need the support of precedent.

It is the rule that "one accused of crime cannot be convicted upon the uncorroborated testimony of an accomplice nor upon his own confession, but the testimony of the accomplice is corroborated by the confession of the accused and upon such testimony and his confession he may be convicted." State v. Huebsch, 146 Minn. 34, 177 N. W. 779. If testimony of accomplice and confession, neither of them otherwise corroborated, are yet adequately supported by each other, it must follow that a confession is adequately supported by other plain admissions of guilt, made both by declarations and conduct of the defendant. It is beyond us to hold that a defendant in a criminal case cannot, by his own declarations and conduct, so corroborate his confession as to sustain a conviction for an offense of which he has twice, unequivocally and deliberately, declared himself guilty. It is too much to urge that, although an accomplice may furnish ample support for a confession, the accused himself cannot do so by declarations and conduct extraneous to the confession. Confessions are held

to be direct, rather than circumstantial, evidence of guilt. Mitchell v. People, 76 Col. 346, 232 P. 685, 40 A. L. R. 566 (annotation, p. 571).

We are not unmindful of the rule of Kercheval v. United States, 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009, followed in State v. Anderson, 173 Minn. 293, 217 N. W. 351. That rule (which is subject to criticism difficult to answer save on narrow and technical grounds, see annotation, 71 L. ed. 1009) is that a plea of guilty which has been withdrawn by leave of court is not admissible as an admission upon the trial on the substituted plea of not guilty. The basis of that conclusion, as stated in the Kercheval case, is this:

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence." 274 U. S. 224, 47 S. Ct. 583, 71 L. ed. 1012.

That reasoning does not apply to defendant's conduct in appearing before the municipal judge on his preliminary examination and making solemn and complete admission of guilt. The municipal judge, as examining magistrate, had no power to receive a formal plea of guilt. If what was said by way of confession ("that he was guilty of the thing that he was charged with") had been said out of court and to someone other than a judge, it would have been admissible. Certainly there is no ground upon which reason may assert that simply because the occurrence took place in court it could not be used as evidence. There is nothing so vitiating about judge or court as to nullify as evidence an admission which would be competent if made to another auditor in another place.

Order affirmed.

HILTON, JUSTICE (dissenting).

I do not think that the conviction, however right it might be in actual result, can be sustained on the record. For reasons to

be stated, I cannot agree that the clear mandate of 2 Mason Minn. St. 1927, § 9902, has been met by the state.

As a prelude and to clear the path for discussion of relevant points, it must be emphasized that the questions here are not whether we feel that the defendant is guilty or whether a new trial with additional evidence might well result in the same verdict. Rather the single question is whether the defendant has been convicted according to the provisions of law as enacted by the legislature in § 9902. This statute reads:

"A confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed."

The self-evident purpose of the statute is to require the *corpus delicti* to be established by evidence other than the confession. This statute merely embodies in an inflexible manner the general rule that confessions are not in themselves sufficient to support a conviction unless there is evidence of the *corpus delicti*. 8 Minn. L. Rev. 343; People v. Kirby, 223 Mich. 440, 194 N. W. 142; State v. Laliyer, 4 Minn. 277 (368) ; 4 Wigmore, Evidence (2 ed.) § 2070; 7 R. C. L. p. 777. The philosophy of the statute is that this rule accords "better with the humanity of the criminal code." State v. Laliyer, 4 Minn. 277, 283 (368). And while one may share the views of Dean Wigmore as to the lack of its needs or desirability, see 4 Wigmore, Evidence (2 ed.) § 2070, p. 406, since § 9902 is law in this state, we cannot disregard its intent and purpose by judicial whittling.

As has been pointed out by Dean Wigmore (Evidence [2 ed.] § 2072, p. 410), there are three elements in every crime: (1) The occurrence of the specific kind of loss or injury; (2) criminality as the source of the loss or injury; and (3) establishing that the accused is the doer of the crime. *"Corpus delicti"* refers only to the first. It merely means that the occurrence of the injury must be established or, in terms of the statute, that "the offense charged has been committed." To include more in the definition is to render it a "juggling-formula." *Id.* p. 411. That

this court has adopted this analysis and refused to sustain a conviction where the *corpus delicti* was not established by evidence extraneous to the statement of the defendant is apparent from State v. McLarne, 128 Minn. 163, 150 N. W. 787, 789, wherein it was said, speaking through Mr. Justice Holt, p. 167:

"Nowhere in the charge was the proposition presented to the jury whether the evidence established the *corpus delicti* apart from the defendant's admission or so-called confession."

With this preliminary, it is manifest that we must find in the record some evidence reasonably establishing the *corpus delicti* entirely apart from the confession, or else the conviction cannot stand.

I agree that under State v. Saporen, 205 Minn. 358, 285 N. W. 898, the extrajudicial statement of the prosecuting witness was not evidence but only impeaching testimony when introduced at the trial. *Cf.* 2 Wigmore, Evidence (2 ed.) § 1018. Under our law, this cannot supply the needed "evidence" and can be eliminated at this stage. Barren, then, is the record of any evidence of the *corpus delicti* unless the statement made to the municipal judge is sufficient to satisfy the statute. To this attention must focus.

That defendant's statement to the municipal judge was a complete confession of guilt cannot be disputed. He expressly stated that he was guilty of the "thing that he was charged with." In other words, it was a confession.

"A confession is defined as an acknowledgment of guilt of the crime charged or of the facts which constitute the crime; but it is an admission and not a confession if the facts acknowledged raise an inference of guilt only when considered with other facts." Underhill, Criminal Evidence (4 ed.) § 265; 6 Minn. L. Rev. 524.

But whether we classify the statement as a confession or an "admission" under our law, the statement cannot be relied upon to establish the *corpus delicti*. This was held in State v. McLarne, 128 Minn. 163, 164, 150 N. W. 787. There McLarne was charged with having committed arson. The state introduced evidence

that defendant had been overheard saying to a third party, "I told you I burnt Pettis' barn, but I think I can trust you." The court said, 128 Minn. 167:

"It would seem that outside of the alleged admissions of defendant there was no evidence that the burning of the barn was the result of the criminal intent of anyone * * * Nowhere in the charge was the proposition presented to the jury whether the evidence established the *corpus delicti* apart from the defendant's admission or so-called confession."

A new trial was granted because the *corpus delicti* was not established by evidence extraneous to defendant's statement. In arson cases the *corpus delicti* includes not only proof that the building burned but that the fire originated through a criminal agency. But that does not affect the authority of the case for purposes here. While it is true that in the McLarne decision there was not a second confession, the important thing is that the statement of the defendant was held to be within the statute. The exact parallel to the statement in the McLarne case is the defendant's confession at the preliminary hearing. If it was within the statute in the one case, it seems self-evident that it is within the statute in the other. The simple fact is that the statute requires the *corpus delicti* to be established by evidence other than the defendant's confessions, State v. Wylie, 151 Minn. 375, 186 N. W. 707, and that is true whether the defendant makes one or a dozen confessions. Whether this is a wise law is not for us to ponder. It is evident that each confession remains the same in nature irrespective of the repetition. Clearly, under the statute, the confession made to the county attorney was not sufficient. Consequently the sum total of the majority opinion is that while one confession will not satisfy the statute, two will. In other words, two confessions will establish the *corpus delicti*. Obviously, without judicial repeal, this is an impossibility under the statute and the McLarne decision. Reliance upon "conduct" will not aid solution. Nearly every statement entails some form of conduct. In addition, the conduct is completely consistent with

the confession. We are not dealing with questions of admissibility for it is clear that the statement is an exception to the hearsay rule. For that reason, the particular conduct here cannot be relied upon for it adds nothing in the situation here. All confessions involve conduct of some kind.

The majority opinion cites State v. Mamer, 139 Minn. 265, 166 N. W. 345. While I do not disagree with the rule there announced, I cannot see that the case makes any contribution. There defendant offered to plead guilty before a justice of peace to an offense over which the justice did not have jurisdiction. The plea was declined. On the trial the justice testified that such an offer was made. The court held that there was no error in admitting the evidence. A study of the original records shows that such testimony was received without objection and was not assigned as error. But even if we regard the case as so holding, it must be noted that there was ample evidence establishing the *corpus delicti*, and the decision so holds.

Emphasis is placed in the majority opinion on the question of admissibility of the statement made in the municipal court. Clearly it was admissible, but more properly after evidence of the *corpus delicti* had been introduced. The question here is not one of admissibility but rather—is there independent evidence of the *corpus delicti?*

My understanding of the statute is fortified by 2 Mason Minn. St. 1927, § 10223, a part of the gaming laws. It is there enacted that, "any person may be convicted for violation of this subdivision on his own confession out of court, or upon the testimony of an accomplice." If such a statement were not otherwise within § 9902, why should this statute be necessary?

The major premise of the opinion is that the statement before the justice was sufficient to corroborate the confession. But this is not the question. The issue for decision is whether there was evidence from which the jury could find that the *corpus delicti* had been established to a reasonable degree. In determining this the statute requires that as a preliminary there must be evidence introduced tending to establish such a fact. The confessions, and

that is all we have here, cannot be used to establish the *corpus delicti,* although as a practical matter the evidence introduced on that point would be more likely given credence if there were a confession in the case as well. The statute and the McLarne case prevent the statement before the municipal court from being used to establish the *corpus delicti.* If sufficient evidence of the *corpus delicti* is introduced, it is immaterial whether the confessions are corroborated or not so far as § 9902 is concerned. The view of the majority results from the erroneous conception that the statement or confession made in the municipal court and the confession made to the county attorney taken together justify conviction. This is incorrect. What the statute requires is that the *corpus delicti* must be established independently of the confession. Otherwise there is a confusion of the elements involved.

Since all we have are two confessions, there is no evidence of the *corpus delicti* as required. This is true under the McLarne decision even though we regard the statement made at the preliminary hearing as an admission. Its character is within the prohibition of the statute. If the rule announced by the majority is true, a defendant who had signed a confession in the presence of the county attorney and then stated to that official orally that he was guilty could be convicted under § 9902. Obviously this is a clear violation of the mandate of that statute. Manifestly a restatement of a proposition cannot alter its fundamental nature.

While I think that the legislature might well modify the statute, I protest against judicial amendment, especially when it is in clear violation of a statute, even an unwise one. I think that the order should be reversed and a new trial granted.

LORING, JUSTICE (dissenting).

I agree with the views expressed by Mr. Justice Hilton.

PETERSON, JUSTICE (dissenting).

I concur in the dissent.