# STATE OF UTAH, Respondent, v. J. W. NEEL, Appellant.

RAPE—TRIAL —JUROR—EXCLUSION—EVIDENCE—ADMISSIBILITY—ADMISSIONS—INTRODUCTION OF CHILD—ARGUMENT TO JURY—READING DECISIONS.

1. Where a juror admits that he has formed an opinion which it will take evidence to remove, and that he has counseled with defendant in regard to the case, and that he has stated to the prosecuting attorney that it is against the interest of the prosecutrix to prosecute the case, he may be properly excused on the challenge of the State.

2. Evidence of improper familiarity between defendant and prosecutrix, before the commission of the alleged criminal act, but not thereafter, is admissible on behalf of the State in a prosecution for rape.[1]

3. Admissions of defendant as to the paternity of the child of prosecutrix are admissible in a prosecution for rape.

4. Defendant's counsel can not read decisions of the Supreme Court to the jury in a prosecution for rape.

5. An instruction that by a reasonable doubt is meant a real, substantial doubt, based on reason, and reasonable in view of an impartial consideration of all the evidence, and if the jury is not satisfied therefrom of defendant's guilt there is a reasonable doubt, but if they have an abiding conviction of defendant's guilt, arising spontaneously from the evidence, which they would act on in more weighty matters relating to their own affairs, there is no reasonable doubt, is not erroneous.

6. The child of the prosecutrix may be brought into court, in a prosecution for rape, to corroborate the testimony of the prosecutrix, and its birth and identity as the result of the illicit intercourse may be shown, but it can not be introduced to show a resemblance to defendant.

Decided June 15, 1901.

---

[1]State v. Hilberg, 22 Utah 27, 61 Pac. 215.

---

State v. Neel.

---

Appeal from District Court, Third District.—*Hon. A. G. Norrell,* Judge.

J. W. Neel was convicted of rape, and he appeals.

AFFIRMED.

*Messrs. J. M. Lockhart* and *Snyder, Westervelt, Snyder & Wight* for appellant.

*Messrs. M. A. Breeden, Atty.-Gen.,* and *W. R. White,* Dep. Atty.-Gen., for the State.

MINER, C. J.—The defendant was tried and convicted under an information charging him with having on the fourteenth day of December, 1898, had sexual intercourse with one Ella Jorgensen, a female over the age of thirteen years and under the age of eighteen years, from which conviction he appeals to this court.

1.    The appellant contends that the court erred in allowing the State's challenge to the juror Marchant.    While it appears from the statements of the juror that he could decide the case according to the testimony, yet he states that he had formed an opinion in regard to the merits of the case, and that it would require evidence to remove such opinion; that the defendant had sought counsel from him, and talked with him about the case, and that he had stated to the prosecuting attorney that it was against the interests of the prosecutrix to have the case prosecuted.    We are of the opinion that the juror was properly excused by the court.

2.    After the prosecution had shown the commission of the act charged in the information as having occurred on the fourteenth day of December, 1898, other evidence of previous familiarities between the same parties was shown under objec-

tion of the appellant. In limiting the proof of familiarities of the parties to a date prior to that charged in the information, and elected by the prosecution in the introduction of its proof, as having occurred on the fourteenth day of December, 1898, the court ruled correctly. The act or transaction occurring on that date was the first act given in evidence, and was the act upon which the prosecution relies for a conviction. This court held in State v. Hilberg, 22 Utah 27, 61 Pac. 215, that, where the offense consisted of illicit intercourse between the sexes, evidence of previous acts of improper familiarity between the parties, occurring prior to the first act of intercourse proven, is admissible as explaining the acts, and as having a tendency to render it more probable that the offense charged was committed, although such acts would be inadmissible as independent testimony upon which to secure a conviction, and that subsequent acts would be inadmissible for the reason there given. In the present case no subsequent acts of intercourse or familiarities were offered or received in evidence. The admissions of the defendant bearing upon the paternity of the child were properly received, and are not covered by the rule above stated.

3. Counsel for the appellant alleges as error the refusal of the court to permit him to read to the jury, as a part of his argument, a decision of the Supreme Court. This request was properly denied. It was within the province of the jury to pass upon the facts, under proper instructions from the court, but they should receive the law from the court. Hamilton v. People, 29 Mich. 173.

4. In defining a "reasonable doubt" the court instructed the jury as follows: "By a reasonable doubt is meant a doubt based on reason, and which is reasonable in view of all the evidence; and if, after an impartial consideration and comparison of all the evidence in the case, you can candidly say that you are not satisfied of the defendant's guilt, you have a

reasonable doubt; but if, after such impartial consideration and comparison of all the evidence, you can truthfully say that you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in more weighty and important matters relating to your own affairs, you have no reasonable doubt. It must be real, substantial doubt, and not one that is merely possible or imaginary. It should come to the mind spontaneously, and should fairly, naturally, and reasona-, bly arise out of the evidence as given in the case. The defendant excepted to this instruction. The instruction given, with one exception, substantially conforms to the rule laid down in the case of State v. McCune, 16 Utah 170, 51 Pac. 818. As held in Hamilton v. People, 29 Mich. 173; People v. Stubenvoll, 62 Mich. 329, 28 N. W. 883; People v. Marble, 38 Mich. 117; State v. Williamson, 22 Utah 248, 62 Pac. 1022—it is very probable that that part of the instruction as given by the court, defining a reasonable doubt as being "such as you would be willing to act upon in more weighty and important matters relating to your own affairs," would, if standing alone, have been of questionable sufficiency, yet, whether correct or not, it could do no harm with the aid of, and in connection with, other parts of that and other instructions given on that subject. A man capable of being a juror in this State is supposed to know what a reasonable doubt is without an analytical elucidation or explanation. Jurors are presumed to have common sense, and to understand the English language, and if they can not understand their duty when instructed that they should not convict when they have a reasonable doubt of the prisoner's guilt, or of any fact necessary to prove it, they will seldom get any assistance from such subtleties as require a trained classical mind to distinguish. We find no reversible error in the instruction as a whole.

5. In the course of the trial the county attorney stated to the court that he would like to have the child of the prose-

cutrix brought into court, so that it could be identified by the witness. This request was objected to by the defendant's attorney, on the ground that it had nothing to with the crime. The court overruled the objection, and directed that the child be brought in. Thereupon the child was brought into court. The mother testified that the defendant was its father. The defendant claims that he was prejudiced by the ruling of the court. In the case of People v. Carney, 29 Hun. 47, it is said that families of children differing in color of hair and eyes are common, and that it would be a dangerous doctrine to permit a child's paternity to be questioned or established by a comparison of the color of its hair or eyes with the alleged parent. In Keniston v. Rowe, 16 Me. 38, the court held that evidence showing resemblance between the reputed father and the child was inadmissible, because it was not a matter of fact, but merely of opinion. In Hanawalt v. State, 64 Wis. 84, 24 N. W. 489, 54 Am. Rep. 588, it was held that comments by the prosecuting attorney to the jury on the resemblance of the child to the defendant was reversible error. In North Carolina it was held that such exhibitions may be made. See State v. Woodruff, 67 N. C. 89. In the case of State v. Danforth, 48 Ohio 43, the court held that it was improper to exhibit to the jury a child under three months old. In Eddy v. Gray, 4 Allen 435, and Jones v. Jones, 45 Md. 144, the court held that the testimony of witnesses that the child looks like or resembles the prisoner, charged with being the father, is not admissible. In Reitz v. State, 33 Ind. 187, and Risk v. State, 19 Ind. 152, it was held improper to permit the prosecution to give the child in evidence so that the jury might compare it with the defendant, who was present in court. In the Douglas Case, cited in Wills, Circ. Ev. 94 (5 Am. Ed., 117), and Jones v. Jones, the question of parentage was as to the person who was full grown. In actions for bastardy

it is held improper to introduce the child in evidence for the purpose of showing a resemblance between it and the defendant. Robnett v. People, 16 Ill. App. 299; Risk v. State, 19 Ind. 152; Clark v. Bradstreet, 80 Me. 454, 15 Atl. 56, 6 Am. St. Rep. 221; Overlock v. Hall, 81 Me. 348, 17 Atl. 169; Hutchinson v. State, 19 Neb. 262, 27 N. W. 113; Hanawalt v. State, 64 Wis. 84, 24 N. W. 489, 54 Am. Rep. 588; Jones v. Jones, 45 Md. 44; Young v. Makepeace, 103 Mass. 50; Ingram v. State, 24 Neb. 33, 37 N. W. 943; 3 Am. and Eng. Enc. Law, 885. A contrary rule, however, has been held by several courts. In prosecutions for bastardy the proceeding is of a civil nature, and the principal question for determination is as to whether the accused is the father of the child. This is a criminal prosecution, and does not depend upon the paternity of the child. In cases of this character, evidence of resemblance between the child and the defendant is inherently unsatisfactory, as it is a matter of universal knowledge that different persons, with equal opportunities of examination, will usually come to different conclusions in cases of mature persons where family likeness is more likely to be developed, if it exists, than in very young children. To allow a child to be offered in evidence, so that the jury could by inspection arrive at a verdict on their individual knowledge of facts not testified to in open court, would be exceedingly dangerous and unjust. Such a course would prevent a cross-examination, and the evidence of the knowledge gained by the jury, by an inspection and comparison, could not be preserved in a bill of exceptions, or in any way questioned on appeal. Each juror would be the judge of the correctness of his own opinion, and the appellate court would be compelled to affirm the judgment based on a record that contained no facts to support it. As said in the case of Hanawalt v. State, 64 Wis. 84-88, 24 N. W. 489, 54 Am. Rep. 588: "If the child itself, when presented to the jury for inspection, is or may be evidence tending to prove

State v. Neel.

its parentage, then this court, upon appeal, could not reverse their verdict, although the written bill of exceptions entirely fail to support such verdict, for the reason that this court would not have before it all the evidence in the case upon which the jury acted." It was competent, in corroboration of the testimony of the prosecutrix, to bring the child into court, and to prove its birth, and identify it as a result of the illicit intercourse; but it is not competent to introduce the child in evidence for the purpose of comparing its features with those of the accused to show a resemblance, nor would it have been competent for the county attorney in his argument to the jury to have made comments as to the resemblance. So far as appears, this was not done; nor does it affirmatively appear that the child was exhibited to the jury. There was no error in the ruling of the court.

There are several other errors assigned to the admission and rejection of testimony and to the charge of the court, to many of which no exception was taken. We have given careful examination to each question presented by the record, and find that the court committed no error in its instructions to the jury, or in its admission or rejection of testimony. The judgment of the district court is affirmed.

*Baskin, J.,* concurs; *Bartch, J.,* concurs in the judgment.