ROBERT E. WESTER v. STATE.

176 Sou. 120.
Division A.
Opinion Filed·September 15, 1937.

*Thomas E. Walker,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Having been convicted of a statutory offense, plaintiff in error seeks to have the judgment reviewed here on writ of error. He presents two questions for our consideration. The first is:

"Was the evidence sufficient to support the verdict that the defendant was guilty of having carnal intercourse with

a female person who was unmarried, of previous chaste character, and under eighteen years of age?"

The second question is:

"Did the court err in overruling motion for new trial?"

The questions as stated do not meet the requirement of amended Rule 20.

Motion for new trial contained five grounds, as follows:

1. The verdict is contrary to the evidence.

2. The verdict is not supported by the evidence.

3. The verdict is contrary to law.

4. The court erred in permitting the witness to testify to an attempted abortion on her.

5. The court erred in charging the jury to the effect.

The fifth ground of the motion is so incomplete that it presents no question.

There is ample substantial evidence to support the verdict and judgment and whether or not that evidence was worthy of credence was a matter for the jury and the trial court to determine, as were also the conflicts in the evidence. See Williams v. State, 92 Fla. 125, 109 Sou. 305; May v. State, 89 Fla. 78, 103 Sou. 115; Mitchell v. State, 43 Fla. 188, 30 Sou. 803; Broxson v. State, 99 Fla. 1187, 128 Sou. 628.

Therefore, we revert to the fourth ground of the motion for new trial which is argued under the second question propounded.

It appears to us that the testimony elicited was entirely proper because if it could be shown that a defendant charged with an offense of this sort had shortly after the crime was alleged to have been committed, been active in procuring an attempted abortion to be performed on the prosecutrix, it would tend to show not only guilty knowledge on his part, but also a personal interest in her condition subsequent to the commission of the alleged crime. It can hardly be as-

sumed that a young man will go about procuring the performance of an abortion on a young woman unless he realizes that he is responsible for that condition which suggests the performance of such operation. Any conduct on the part of the accused which would throw light on the association with the prosecutrix and which would tend to show an abnormal interest in her physical condition, the result of sexual intercourse, would be admissible in aiding the jury to determine whether or not the defendant was guilty of the offense charged.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.