(No. 24287.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CURTIS ROBERTS, Plaintiff in Error.

*Opinion filed December 17, 1937—Rehearing denied Feb. 2, 1938.*

John P. Crandall, Burnett M. Chiperfield, Claude E. Chiperfield, and Robert B. Chiperfield, for plaintiff in error.

Otto Kerner, Attorney General, C. G. Colburn, State's Attorney, and A. B. Dennis, for the People.

Mr. Chief Justice Farthing delivered the opinion of the court:

The grand jury, at the October, 1936, term of the circuit court of Cass county, returned an indictment charging Curtis Roberts, in two counts, with the crime of statutory rape upon the person of Zella Mae Wagner, an unmarried female under the age of sixteen, and, in five counts, with the crime of rape with force. A jury found him guilty as charged in the indictment, and after motions for a new trial and in arrest of judgment were overruled, he was sentenced to the penitentiary for a term of five years. He has sued out this writ of error.

Defendant contends there is no evidence to sustain the counts charging him with rape with force. He did not ask that the People be required to elect on what count or counts they would rely for conviction, and did not request the court to give a form of verdict which would have required the jury to specify on which counts it found the

defendant guilty. Under such circumstances he cannot now complain.

On the evening of June 13, 1936, Roberts and Harry Woods, went to a home in Beardstown where one Frances Dotzert was employed and met her and her niece, Zella Mae Wagner. The four of them drove down town in Roberts' car and spent the evening together. About midnight they left Beardstown for the home of Frances Dotzert near Bluff Springs, eight miles away. The defendant and Zella Mae Wagner occupied the back seat and Frances Dotzert and Woods, the front seat. Woods drove as far as Bluff Springs and Frances Dotzert the rest of the way. It was a moonlight night. Frances Dotzert testified that during this drive she heard her niece protest against defendant's advances several times. She asked defendant what he was doing and when he did not reply, she turned around and saw him having intercourse with Zella Mae Wagner. Harry Woods testified that while he was driving he heard Zella Mae cry out, or moan, once. He said Frances Dotzert looked back and said to the defendant: "You dirty dog. That is the reason you wanted in the back seat. You are not as good as a dog." Frances Dotzert further testified that on July 14 defendant came to her place of work. They talked about Zella Mae Wagner being pregnant and he said he would take care of her. On July 18 she and Zella Mae drove with defendant to the Star school. Defendant and Zella Mae went back of the school house for about twenty minutes. On July 21 defendant asked this witness about Zella Mae and was told that she had not had her monthly period. He said he would return the following Saturday and, if necessary, would bring a "slippery elm." On the evening of July 25 defendant met Frances Dotzert and her niece at the latter's home and again drove them out to the Star school. She saw defendant take something from the back seat before he went with Zella Mae Wagner back of the school house. They returned to the

car about twenty minutes later, and Zella Mae said she was sick at her stomach. Roberts remarked that she couldn't take it.

Two physicians testified, over objections of defendant, that they examined Zella Mae Wagner in a hospital the last week in July and found that she had been pregnant. They were of the opinion conception had occurred six to eight weeks previously. Zella Mae Wagner was between fifteen and sixteen years of age and was unmarried. It was stipulated at the trial that she was dead. Roberts was twenty-six years old.

Defendant contends that, in view of Frances Dotzert's relationship to Zella Mae Wagner, her testimony was utterly incredible because it was contrary to all human instincts and experience, and that there was, therefore, no evidence to sustain the verdict. However, her testimony was not contradicted and she was corroborated, in part, by the testimony of Harry Woods. The weight to be given the evidence, and the credibility of the witnesses, are for the jury to determine, and unless its verdict is against the manifest weight of the evidence we will not interfere to set it aside. (*People* v. *Cozzi*, 364 Ill. 20.) The verdict of guilty was amply supported by the evidence.

It is also urged that the court erred in admitting the testimony of the two physicians, and in permitting Frances Dotzert to testify relative to the incidents occurring at the school house. At the time the testimony of the physicians was admitted the court announced that its admission was solely to show whether anyone had ever had sexual intercourse with Zella Mae Wagner and expressly stated that this was no evidence at all that defendant was guilty of the act. The testimony corroborated Frances Dotzert's testimony as to the act of intercourse on June 13, 1936, and was admissible for that purpose. (*People* v. *Boston*, 309 Ill. 77.) The testimony as to the incidents occurring at the school house was properly admitted. In a prosecution

for statutory rape, proof of other acts of intercourse may be admitted, not for the purpose of establishing distinct offenses, but to show the relation and familiarity existing between the parties and to corroborate the testimony respecting the particular act relied upon for conviction. *People* v. *Burns,* 364 Ill. 49; *People* v. *Duncan,* 261 id. 339.

Defendant contends the jury was not properly instructed. The People's second given instruction is as follows: "The court instructs the jury that the evidence admitted in this case upon the question of pregnancy, was admitted only, as evidence tending to show that an act of sexual intercourse had been committed upon the person of Zella Mae Wagner." It is urged that the instruction was incomplete, and did not inform the jury that the birth of a child does not prove that defendant had intercourse with Zella Mae Wagner. In *People* v. *Boston, supra,* relied on by the defendant, we held that proof of the birth of a full-term child to the prosecuting witness in a rape case was proper, where the birth was within the natural period of gestation after the act of intercourse relied upon. Such proof corroborated the testimony that the act occurred at a stated time. We further said the birth does not, of itself, prove a charge of rape or that the accused was the person with whom the prosecutrix had sexual intercourse, and that the jury should be so instructed. However, in the present case, the court, at the time the evidence of pregnancy was introduced, told the jury that the testimony was being admitted only to show whether or not anyone ever had sexual intercourse with the girl and that this was no evidence that the defendant was guilty of the act. The court, in giving this instruction, merely sought again to impress upon the minds of the jurors the only evidentiary purpose which the testimony might serve. In *People* v. *Garbaciak,* 306 Ill. 254, the refused instruction stated, in substance, that the victim in a robbery case might be mistaken, by reason of surprise, in his identity of the robbers, and that case is not applicable here.

The People's fourth instruction is said to be erroneous because it substituted "an abiding conviction" for "proof beyond a reasonable doubt." The wording of this instruction was substantially like an instruction approved in *People* v. *Lenhardt*, 340 Ill. 538, 552.

Defendant insists the giving of People's fifth and sixth instructions relating to circumstantial evidence was error, inasmuch as the People did not rely on circumstantial evidence but produced witnesses who saw the crime committed. The court, at the request of the defendant, gave an instruction setting out the kind and conclusive nature of circumstantial evidence required to warrant a conviction, and so he cannot complain.

Defendant next argues that the People's eleventh given instruction was erroneous in that, among other things, it required the jury to believe, beyond a reasonable doubt, that the victim, at the time of the alleged criminal act, was an "unmarried female." He says that this instruction added an element to the crime that the law did not require in ignoring the fact that two counts of the indictment charged rape with force and arms. The defendant cannot complain that the jury were required, by this instruction, to believe that an additional fact must be established, not necessary, as he claims, to his conviction.

The People's eighth given instruction relating to reasonable doubt concluded with this statement: "The reasonable doubt that the jury are permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular facts in the case, not necessary to constitute the crime charged." The error urged is that it leaves the jury to determine "what particular fact" is "necessary to constitute the crime charged." The court gave another instruction which told the jury what facts had to be proved beyond a reasonable doubt in order to warrant a conviction. The eighth in-

struction was, therefore, properly given. *People* v. *Strutynski, (ante,* p. 551.)

We find nothing prejudicial in the opening and closing statements of the State's attorney, and there was no improper limitation of cross-examination of the two physicians.

The judgment of the circuit court of Cass county is affirmed.

*Judgment affirmed.*