## STATE v. JAMESON.

No. 6493.   Decided February 23, 1943.   (134 P. 2d 173.)

130

Rehearing denied April 23, 1943.

*Joseph E. Nelson,* of Spanish Fork, and *A. Sherman Christenson,* of Provo, for appellant.

*Grover A. Giles,* Atty. Gen., and *Calvin L. Rampton,* Asst. Atty. Gen., for respondent.

WADE, Justice.

The defendant Dewey Jameson was convicted of carnal knowledge of and sexual intercourse with an unmarried female between the ages of 13 and 18 years. This is an appeal from the conviction.

The complaint, information and bill of particulars each alleges that the crime was committed on or about the 1st day of September, 1940. The State's evidence at the trial showed that the offense occurred on September 21, 1940. He contends that he had no preliminary hearing on that offense. Before pleading to the merits he

filed a motion to quash the information on those grounds. This motion was denied. The record does not show that at any time he proved or offered to prove what offense was shown at the preliminary hearing. In the absence of such showing this court will not assume that a different offense was shown at the preliminary hearing from that proved at the trial. The defendant knew what happened at the preliminary hearing and when he moved to quash the information on that ground it was his duty to present the facts which he relies on in support of his motion. See *State* v. *Gustaldi*, 41 Utah 63, 123 P. 897; *State* v. *Shuls*, 329 Mo. 245, 44 S. W. 2d 94, 95; *State* v. *Ferguson*, 278 Mo. 119, 212 S. W. 339; *Herren* v. *State*, 72 Okl. Cr. 254, 115 P. 2d 258. We have held that in crimes of this nature time is not a necessary element and the State may elect to prove any such offense which occurred prior to the filing of the complaint and against which the statute of limitations has not run. *State* v. *Sheffield*, 45 Utah 426, 146 P. 306.

The defendant also contends that the court erred in refusing a request for a further bill of particulars. He had upon request been furnished a bill of particulars which read as follows:

"On or about the 1st day of September, A. D. 1940, at or near the mouth of Hobble Creek Canyon in Utah County, State of Utah, the defendant Dewey Jameson, had carnal knowledge of and sexual intercourse with the body of M. W. * * *, she at such time being an unmarried female between the ages of 13 and 18 years, to wit: of the age of 17 years, and not the wife of the said defendant."

He demanded a further bill of particulars showing the exact time, the exact place, whether in or out of a car, and what other person, if any, was present. The court did not err in refusing this request. The purpose of a bill of particulars is to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Laws of Utah 1935, c. 118, 105-21-9. The bill of

particulars furnished informed him of the nature of the offense, the time and place of its commission, and was therefore sufficient. The bill of particulars need not plead matters of evidence. 31 C. J. 752.

At the trial the prosecutrix was allowed to testify that defendant committed about a dozen illicit acts with her prior to the offense committed at the mouth of Hobble Creek Canyon on September 21, 1940. This the defendant assigns as error. It has long been settled in this State that in crimes involving sexual offenses it is proper to admit evidence of previous acts of familiarity between the parties because it tends to explain the acts and render it more probable that the offense for which the defendant is being tried was perpetrated. *State* v. *Hilberg,* 22 Utah 27, 61 P. 215; *State* v. *Scott,* 55 Utah 553, 188 P. 860; *State* v. *Neel,* 23 Utah 541, 65 P. 494.

The defendant further complains of the admission in evidence of the pregnancy and subsequent birth of a child to prosecutrix on the 7th day of June, 1941. The court allowed the physician attending the prosecutrix to testify as to the approximate period in which conception occurred, which could have been "any time in the latter part of August, September, and the first half of October." The court also allowed the child to be exhibited to the jury. In offenses of this kind it is proper to admit evidence of the pregnancy and birth of a child to the prosecutrix who is an unmarried female as corroborative of her testimony of illicit intercourse, *State* v. *Thompson,* 31 Utah 228, 87 P. 709; *State* v. *Neel,* supra; *Cosilito* v. *State,* 197 Ind. 419, 151 N. E. 129. However, the defendant argues that in view of the fact that there was some testimony that prosecutrix was in the company of another man during the period in which conception could have taken place it was prejudicial to him for the court to allow evidence of the facts of pregnancy and birth of a child. We find no merit in this contention, especially in view of instruction No. 9, which instructed the jury that:

"* * * this testimony was admitted solely for the purpose of testing the credibility of M. W.'s * * * statement that she became pregnant as a result of sexual intercourse with the defendant on or about the 21st day of September, 1940."

Defendant also assigned as error the admission in evidence of conversations he had with prosecutrix and others after he was told of her pregnancy in which he advised that an abortion be procured. Such evidence is admissible as tending to show guilty knowledge or an admission on his part of responsibility, and therefore an admission of the sexual intercourse, *State* v. *Lange,* 121 Kan. 703, 249 P. 595. This same reasoning would apply to the admission in evidence under the same conditions of conversations in which defendant promised to marry the prosecutrix.

During the course of the argument to the jury the district attorney made the statement that the testimony regarding the act of intercourse was not "disputed by anyone," and when the defense objected to this statement he proceeded further and said: "that counsel will take exception to my statement that the act is not disputed, but you will go over the testimony and make up your own mind." Defendant claims these statements constituted an attempt to circumvent his right to decline to testify. It might well have been reversible error for the district attorney to make these remarks if it were not for the fact that the record clearly shows that the offense upon which the state elected to prosecute occurred on September 21, 1940, at the mouth of Hobble Creek Canyon; that another couple besides the prosecutrix and defendant were in the car in which the offense took place; that the other couple left the car for a short time, and that the act of intercourse might have taken place during their short absence. This couple were witnesses for the defendant at the trial. Under these circumstances we believe the remarks of the district attorney were a reference to the evidence in the case and not to the failure of the defendant to take the stand and testify. See *State* v. *McClain,* 208 Minn. 91, 292 N. W. 753;

*State* v. *Tecope,* 54 Nev. 308, 15 P. 2d 677; *Bickerstaff* v. *State,* 139 Tex. Cr. R. 69, 139 S. W. 2d 110. It must be understood that this court does not approve remarks of such character on the part of prosecutors. Both the court and the prosecutors should be zealous in protecting the rights of an accused, and should carefully refrain from doing or saying anything from which it might be inferred that an unfair advantage was taken of a defendant.

The defendant further assigned as errors certain instructions given by the court, and the refusal of the court to give other instructions requested by him. These ▮ instructions related (1) to the time of the offense, (2) the chastity, pregnancy and birth of a child to prosecutrix, and (3) refusal to give cautionary instructions.

Instruction No. 1 told the jury that before they could find the defendant guilty they must find that

"said sexual intercourse took place *on or about the first day of September,* 1940, [italics ours] in Utah County, State of Utah, under the circumstances testified to by M. W. * * *."

Instruction No. 8 read as follows:

"You are instructed that the defendant is charged in this case with an alleged offense that is claimed to have occurred at or near the mouth of Hobble Creek Canyon, in the back seat of a parked automobile, on or about the 21st day of September, 1940. The State has selected this occasion upon which to seek a conviction, and you are instructed that this occasion is the only alleged act of sexual intercourse for which the defendant is on trial. And unless you find to your satisfaction and beyond a reasonable doubt that the alleged offense took place in the manner and on the occasion as claimed by M. W. * * *, you must return a verdict of not guilty, even though you should further find that at some other place or on some other occasion the defendant had sexual intercourse with M. W. * * * However, in this connection you are further instructed that it is not necessary for the State in this action to prove the exact date that the alleged offense, if any, was committed."

Defendant argues that these instructions were confusing because Instruction No. 1 tells the jury it must find that the

offense, if any, was committed on or about the 1st day of September, 1940, and that instruction No. 8 tells them that the State elected to prove an offense, if any, was committed on the 21st day of September, 1940; that in view of the fact that there was testimony that a number of offenses had been committed at times prior to September 21, 1940, that the jury in interpreting the last sentence in instruction No. 8 could have reasoned that if any offense had been committed by defendant at any time prior to September 21, 1940, they could find the defendant guilty.

The giving of these instructions were undoubtedly error, but in view of the fact that the state only proved the time, places, and circumstances of two offenses, (1) that which was perpetrated by the defendant with the prosecutrix in the spring of 1940, and (2) the offense which occurred on September 21, 1940, at the mouth of Hobble Creek Canyon, we do not believe the jury could have been mislead to the prejudice of the defendant. No particulars were given as to any other offenses beyond a statement that they had occurred. Under these circumstances we do not believe the jury could have been confused by the instructions.

We find no error in the instructions of the court relating to the evidence of the chastity, pregnancy or birth of a child to the prosecutrix. The court told the jury that the chastity or lack of chastity of the prosecutrix is immaterial in the offense with which defendant was charged; and that the evidence of the pregnancy and birth of a child to the prosecutrix was admitted only for the purpose of showing the probability or improbability of her statement that she had sexual intercourse with the defendant on the 21st day of September, 1940.

We also find the court did not err in refusing to give defendant's requested "cautionary instructions" that the statements of the prosecutrix should be scrutinized with care and her motives, bias and interest taken into consideration in giving any weight to her testimony. The court gave correct instructions as to the presumption

of innocence of the defendant, that the guilt of the defendant must be proved beyond a reasonable doubt, and that the jury was the sole judge of the facts in the case, of the credibility of witnesses, of the weight and effect of the evidence and the inferences to be drawn therefrom. We agree with the statement about cautionary instructions made by this court in the case of State v. Rutledge, 63 Utah 546, 227 P. 479, 481, in which we said,

"* * * that such instructions are improper because they state no rule of law, but are mere arguments and constitute an invasion of the province of the jury." See also State v. Olson, 100 Utah 174, 111 P. 2d 548.

We have carefully considered but find no merit to the other assignments of error.

Judgment affirmed.

WOLFE, C. J., and McDONOUGH, J., concur.

LARSON, Justice (concurring).

I concur. The assignment that the remark of the county attorney to the jury stating, "the act of intercourse was not disputed by anyone," was misconduct, is not to my mind satisfactorily answered on the grounds stated in the prevailing opinion. However, the argument of counsel was not reported and does not appear in the transcript. We cannot tell what the circumstances were under which the remark was made, or what was said before or after the statement from which its purport and effect might be determined. Since the trial court, hearing the whole argument, overruled the objection to the remark, we must conclude that the setting in which the remark was made, was such as not to justify the inference that it was directed to defendant's failure to take the witness stand.

MOFFAT, J., concurs in the result.