350 P.2d 146

STATE of Utah, Plaintiff and Respondent,

v.

Tommy DANKS, Defendant and Appellant.

No. 9127.

Supreme Court of Utah.

March 11, 1960.

4. Hadley v. Wood, supra, footnote 2.

Walter R. Ellett, Murray, for appellant.

Walter L. Budge, Atty. Gen., Richard R. Boyle, Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

Defendant appeals from a conviction by a jury of the crime of robbery. This appeal challenges the sufficiency of the evidence and the admissibility of certain exhibits.

On the evening in question Bill Newbold, the complaining witness, met the defendant and the latter's wife at a tavern in downtown Ogden, Utah. This was at about 6:00 p. m. For the next few hours this trio, together with others, visited several taverns in and about Ogden. A considerable amount of beer and whiskey was consumed by the party.

At about midnight the trio went to the apartment of the defendant's father where the party continued. Also present at this time were the defendant's father, half-brother, and 15-year old nephew, Dennis McCollum.

What transpired at the apartment is the subject of considerable confusion and conflict. However, Newbold testified that he had an altercation with defendant. The defendant asked his wife to get a knife from the kitchen, which she did. The defendant held the knife to Newbold's ribs and ordered him to remove his wallet and throw it on the floor. Newbold complied and Dennis McCollum, at defendant's instructions, removed some money from the wallet and gave it to the defendant. The wallet was then returned to Newbold, but again demanded by the defendant who proceeded to cut it in half. In this condition it was again returned to Newbold. According to Newbold there had been thirty or forty dollars in currency in the wallet.

After the foregoing events, Newbold stated that they went downtown to get another bottle of whiskey. He broke away from the party, took a taxicab to his home, cleaned himself, and then went to the po-

lice station where he reported the alleged robbery.

Defendant and his wife denied the robbery and considerable testimony was given by defense witnesses as to Newbold's degree of sobriety that night. Also, testimony was given to the effect that Newbold could not have had thirty or forty dollars in his wallet.

Certainly, after approximately six hours of imbibing, Newbold's recollection of the events would be subject to doubt and could have been discounted or rejected by the jury. However, Dennis McCollum corroborated Newbold. Dennis testified that the defendant threatened Newbold with a knife, had him throw his wallet on the floor and that he, Dennis, removed $30 therefrom and gave it to the defendant. True, Dennis had given inconsistent statements to the police, but explained that he had done so to help his uncle.

■■■■ It might be true that a jury, upon the state of this evidence, *may* well have entertained a reasonable doubt as to the defendant's guilt, but this is not sufficient for this court to set aside a jury verdict. Before setting aside a jury verdict "it must appear that the evidence was so inconclusive or unsatisfactory that reasonable minds acting fairly upon it *must*

have entertained reasonable doubt that defendant[s] committed the crime."[1]  We cannot so hold in this case.

■■■■ The defendant was arrested about two hours after the robbery and was taken to the police station together with his wife. Both were searched and in the handbag of Mrs. Danks was found a ten dollar bill which was partially torn or cut. Over defendant's objection, this bill was admitted in evidence.

Had the wallet been cut while still containing the money, this ten dollar bill would certainly be competent and admissible. However, the evidence adduced by the state was to the effect that the wallet was cut after the money was removed. The admission of this evidence, if not strictly competent, was not prejudicial to the defendant.

■■■■ Finally, defendant complains of the admission in evidence of a kitchen knife. No objection to its admission was made at trial and from the record it appears that it was properly received by the trial court.

Affirmed.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

1. State v. Sullivan, 6 Utah 2d 110, 114, 307 P.2d 212, 215.