381 P.2d 81

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Terry Jay HODGES, Defendant and Appellant.**

**No. 9813.**

Supreme Court of Utah.

May 2, 1963.

Preston & Harris, Logan, for appellant.

**198**

A. Pratt Kesler, Atty. Gen., Stephen L. Johnston, Asst. Atty. Gen., Salt Lake City, for respondent.

McDONOUGH, Justice.

This is an appeal from a conviction for carnal knowledge under Utah Code Annotated, 76–53–19 (1953). The case was tried to the court without a jury.

The complaint charged the defendant, a high school graduate of several hours, with having had intercourse with the prosecutrix, 15, in the early morning hours of May 25, 1962. At the time of the trial she was admittedly pregnant. Appellant argues that inasmuch as her menstrual period ended on May 23, 1962, the probability that pregnancy resulted from an act on May 25, 1962, is so remote that admission of any evidence regarding pregnancy was error.

 It should be noted that in contrast to a bastardy proceeding, the charge here is concerned with the illicit act itself rather than any pregnancy resulting therefrom. In such a case this Court has held that the pregnancy of the unmarried prosecutrix may be shown to prove that *an* illicit act of intercourse had taken place.[1] The weight to be given such evidence is a question for the trier of fact.

 Appellant also questions the admission of evidence regarding several events subsequent to the date of the alleged act, which were relied upon by the trial court in finding the defendant guilty. These events included the facts that the appellant took a long, less-traveled road home, along which road the car in which they were traveling was stopped and the act allegedly occurred; that appellant gave the prosecutrix an engagement ring; that the appellant took her to the doctor, and that at a family gathering, called for the purpose of discussing the pregnancy, appellant failed to deny having had intercourse with the prosecutrix.

The admission of such evidence is both reasonable and supported by authority. In speaking of evidence of the type here involved, this Court said in State v. Jameson, "Such evidence is admissible as tending to show guilty knowledge or an admission on his part of responsibility, and therefore an admission of the sexual intercourse."[2]

 In answer to appellant's contentions, which go to the weight of the evidence, we need only reiterate the oft-stated rule that unless it can be said as a matter of law that the finder of the fact made an erroneous decision, this Court will not

1. State v. Jameson, 103 Utah 129, 134 P. 2d 173 (1943); State v. Thompson, 31 Utah 228, 87 P. 709 (1906); State v. Neel, 23 Utah 541, 65 P. 494 (1901).

2. 103 Utah 129, 134 P.2d 173 (1943). See also People v. Roberts, 367 Ill. 620, 12 N.E.2d 632 (1938); Wester v. State, 129 Fla. 274, 176 So. 120 (1937).

weigh the evidence,[3] and that in a trial for carnal knowledge, the testimony of the prosecutrix may alone be sufficient to support a conviction.[4]

Affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT, and WADE, JJ., concur.

---

3. State v. Danks, 10 Utah 2d 162, 350 P. 2d 146 (1960); State v. Sullivan, 6 Utah 2d 110, 307 P.2d 212 (1957).

4. State v. Ward, 10 Utah 2d 34, 347 P. 2d 865 (1959); State v. Mills, 122 Utah 306, 249 P.2d 211 (1952); State v. Carter, 52 Utah 305, 173 P. 459 (1918).