497 P.2d 636

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth Woodrow SPENCER, Defendant and Appellant.**

No. 12182.

Supreme Court of Utah.

May 23, 1972.

F. John Hill, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant was indicted for the crime of robbery in Salt Lake County and after a trial was had the jury returned a verdict of guilty. The court below sentenced the defendant to a term in the Utah State Prison. From the conviction and sentence the defendant has appealed to this court.

On September 24, 1971, Joseph Eskelson was robbed at approximately 3:30 a. m. Eskelson testified that during the robbery he made a careful observation of the robber and thereafter he was put in a back room of the service station where the robbery occurred. In the back room and before he called the police, Eskelson wrote down a description of the robber. The record indicates that at the time of the robbery the defendant was suffering from a gunshot wound to his upper right arm and that the wound was covered by a large bandage. Eskelson testified that he did not see the bandage nor the wound nor anything out of the ordinary with respect to the assailant's arm. Sometime after the robbery, Eskelson attended a line-up and identified the defendant as the man who had committed the robbery.

The defendant called witnesses to support his defense of an alibi. The evidence adduced for that purpose would indicate that the defendant could not have been at the scene of the robbery at the time it was committed. However, it would appear that the jury were not impressed by the defendant's claim that he was elsewhere at the time of the crime.

 Defendant urges that this court adopt a rule to the effect that where the identification of a defendant is established by the testimony of one witness alone corroboration should be required to connect the defendant with the offense. While the legislature has seen fit to require corroboration in dealing with abortion[1] and accomplices by requiring corroboration,[2] we do not deem it advisable by court decision or rule to extend that principle to eyewitness identification.

 The defendant further claims that the trial court erred in failing to instruct the jury that they had the right to disagree and that they were not called upon to surrender their honest convictions concerning the weight or effect of the evidence for the purpose of reaching an agreement. While the court did not instruct in the language requested by the defendant, nevertheless the subject matter was covered by other instructions.

 The defendant further claims that compelling him to participate in a line-up and to repeat certain words deprived him of his constitutional rights to remain silent. The defendant by his participation in the line-up was not compelled to give evidence

---

1. Sec. 77–31–14, U.C.A. 1953.

2. Sec. 77–31–18, U.C.A. 1953.

**14**

against himself, nor was he compelled to be a witness against himself.[3]

After a careful review of the record we find no errors of sufficient gravity to compel a reversal, and the verdict and judgment of the court below are affirmed.

HENRIOD, ELLETT and CROCKETT, JJ., concur.

CALLISTER, C. J., does not participate herein.

---

3. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.