The STATE of Utah, Plaintiff and
Respondent,

v.

Raymond Lee MILLS, Defendant
and Appellant.

No. 13750.

Supreme Court of Utah.

Jan. 21, 1975.

Bruce C. Lubeck, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant was convicted by a jury of the crime of aggravated sexual assault, Section 76-5-405, U.C.A.1953, as amended 1973, and sentenced to the State Prison for the term provided by law.

It is the prerogative of the jury to judge the weight of the evidence, the credibility of the witnesses, and the facts to be found therefrom. For a defendant to prevail upon a challenge to the sufficiency of the evidence to sustain his conviction, it must appear that viewing the evidence and all inferences that may reasonably be drawn therefrom, in the light most favorable to the verdict of the jury, reasonable minds could not believe him guilty beyond a reasonable doubt. To set aside a verdict it must appear that the evidence was so inconclusive or unsatisfactory that reasonable minds acting fairly must have entertained reasonable doubt that defendant committed the crime. Unless the evidence compels such conclusion as a matter of law, the verdict must be sustained.[1] In

---

1. State v. Sullivan, 6 Utah 2d 110, 307 P.2d 212 (1957); State v. Ward, 10 Utah 2d 34, 347 P.2d 865 (1959); State v. Danks, 10 Utah 2d 162, 350 P.2d 146 (1960); State v. Berchtold, 11 Utah 2d 208, 357 P.2d 183 (1960).

evaluating the evidence, is it so inherently improbable as to be unworthy of belief, that, upon objective analysis, it appears reasonable minds could not believe, beyond a reasonable doubt, the defendant was guilty?[2]

The record indicates that an eight-year-old boy went to the Utah State Fair during the afternoon. The little boy met the operator of an amusement ride called the "Go-Go Mouse." The operator offered the child some ride passes, which the child interpreted as being some type of employment. The little boy followed the operator, who paused to borrow some keys from the person operating the ferris wheel, and then proceeded across a bridge over the Jordan River to a large truck. The operator used the borrowed keys to open the vehicle; he lifted the child inside, gave him the ride passes, placed the child on a sleeping bag, and committed sodomy on the victim. Subsequently he released the child.

In the early evening the little boy related these prior events to his father, who summoned the police. The child gave a fairly accurate description of the operator of the Go-Go Mouse. Accompanied by his mother and trailed by the police, the child returned to the fairgrounds. The boy observed approximately four or five other employees operating rides, prior to his identification of defendant, who was then operating the ferris wheel.

A medical examination of the child revealed evidence consistent with his story. The victim's description of the assailant's clothing, the sleeping bag, and the ride passes was in accord with these items in evidence. The statements of defendant concerning the keys to the truck were inconsistent. Defendant's asserted alibi only accounted for a segment of the time during which the alleged act occurred.

A review of the instant record does not reveal evidence so inherently improbable as to be unworthy of belief, that, upon objective analysis, reasonable minds could not believe, beyond a reasonable doubt, defendant was guilty of the offense charged. The competency of the little boy as a witness was established. His identification was sufficient to connect defendant with the offense.[3] The weight and credibility of the testimony of the victim was a matter for the jury, which gave it weight and credibility to find guilt beyond a reasonable doubt. The judgment of the trial court is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

2. State v. Horne, 12 Utah 2d 162, 364 P.2d 109 (1961); State v. Mills, 122 Utah 306, 249 P.2d 211 (1952).

3. State v. Spencer, 28 Utah 2d 12, 497 P.2d 636 (1972).