475 P.2d 831

### The STATE of Utah, Plaintiff and Respondent,

v.

### Russell Leonard MORAINE, Defendant and Appellant.

### No. 12148.

Supreme Court of Utah.

Oct. 20, 1970.

---

10.   See State v. Taylor, 21 Utah 2d 425, 446 P.2d 954, and authorities there cited.

Jay D. Edmonds, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, W. Clark Burt, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This is an appeal from a conviction of the crime of robbery. The evidence was not in dispute, and the facts are as follows:

Two men, wearing stocking masks, entered a Seven-Eleven Store just before closing time, to wit, about 10:55 p. m., on December 16, 1969. They each held a drawn pistol. That held by one of them had a shiny barrel. The clerk at the direction of the man holding the pistol with the shiny barrel put paper money in a paper bag. In addition, that robber took some coins wrapped in bank wrappers and put them in the paper bag also.

As the robbers left the building, a shot was heard. A prospective customer riding in a Jeep drove into the store parking area and saw the robbers and followed them until they ran behind a building a very short distance away. He noticed that one seemed to be unable to run. He returned to the Seven-Eleven Store, and officers appeared at about the same time. Under the direction of the Jeep driver the officers quickly located the defendant and another person. The defendant was lying beside a wooden fence in a pile of leaves, with a shiny-barrel pistol about one foot from his hand. The companion was hunkering on the other side of the fence with a pistol in one hand and the stolen money in the other.

The arresting officer followed a trail of blood to the place where the defendant was hiding and found that the defendant was bleeding from a gunshot wound in the leg.

The Miranda warning was given to each of the persons arrested. One of the officers knew the defendant and asked why he had "done it," and the defendant replied that he needed the money for Christmas.

The defendant was taken to the hospital for treatment of the wound in his leg. One officer who was guarding the defendant during the stay in the hospital had a conversation with him wherein they were talking about guns and the inherent dangers in a single-action weapon. The defendant volunteered the statement that since he had been shot in the leg coming out of the Seven-Eleven Store attempting to bring the hammer forward without actually firing it, he had become somewhat leery of that type of weapon.

The defendant makes no contention of his innocence but pretends to rely on some federal cases which he says require us to set him free. He says that there was no affirmative showing that he ever waived his constitutional right to remain silent and that the prosecuting attorney did not tell

**54**

him in a bill of particulars that statements had been made to the hospital guard.

■ The federal cases cited by the defendant seem to go a long way in preventing a defendant from being convicted of a crime of which he is clearly guilty, but even those cases cannot aid this defendant. In the first place, he was advised that he need not talk and that if he made any statement, it could and would be used against him at trial; that he could have an attorney if he wanted one; and that one would be furnished without charge if he could not pay for the services. Despite these warnings, the defendant voluntarily answered the question as to why he had "done it." This was a clear waiver of any so-called rights to remain silent.

The Fifth Amendment to the Constitution of the United States simply says, "No person shall be * * * compelled in any criminal case to be a witness against himself, * * *." The sophistry by which the defendant claims the statements made out of court are a violation of the quoted part of the amendment amazes me even if there had been no waiver of the so-called right.

■ The fact that he made the statement after being warned is a clear indication that he waived any right, if any he had, to remain silent. At the scene of the arrest there was no prolonged questioning at all. Only the one question was asked. In the case of the guard in the hospital, no question at all was asked of the defendant. He volunteered the statement in conversation.

We are unable to see where any constitutional right to remain silent was violated.

■ The defendant complains because he was not told in the bill of particulars that he had made statements to the guard in the hospital. The record shows that the prosecuting attorney did not know about the voluntary statement made in the hospital until the day of trial. Besides, the law does not require the district attorney in a bill of particulars to tell the defendant what evidence will be presented to prove the charge against him.

Section 77–21–9(1), U.C.A.1953, reads:

When an information or indictment charges an offense in accordance with the provisions of section 77–21–8, but fails to inform the defendant of the particulars of the offense, sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall at the request of the defendant, order the prosecuting attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the prosecuting attorney

may of his own motion furnish such bill of particulars.

It is apparent from a casual reading of the section that all that is required in a bill of particulars is to give information of the particulars of the crime charged so as to enable a defendant to prepare his defense thereto. (State v. Jameson, 103 Utah 129, 134 P.2d 173).

If the information under which a defendant is to be tried is sufficiently clear as to what the crime is, then the prosecuting attorney need not furnish any bill of particulars at all. However, in this case the court ordered the district attorney to furnish a bill of particulars as to the names of officers who had taken statements from the defendant. The district attorney at the time he furnished the bill of particulars did not know about the hospital statements. Where the court orders the prosecuting attorney in a bill of particulars to give matters not required by the statute, the court may excuse the failure to furnish such material by permitting the evidence to be introduced, as was done in this case. Besides, if anyone knew about the statement, it surely was the defendant himself.

At the trial of the matter, the defendant did not object to the testimony on the basis that he was surprised, undoubtedly because he knew as much about it as the officer who heard it knew. Instead, he objected upon the ground that there had been no showing of a waiver of his right to remain silent.

The defendant further contends that the district attorney committed reversible error in a statement made during closing argument. No objection was made to the statement at the time it was made, but after the argument of counsel was completed, the defendant in chambers asked that either the district attorney enter into a stipulation or the court permit the record to show that during the closing arguments the prosecuting attorney had made the comment that "after being advised of the Miranda warnings, Mr. Moraine made no denial and no response." The court had no recollection of such a statement being made, but the prosecuting attorney said he thought that he made that statement.

The defendant now claims that this was a comment on his failure to testify. We do not regard it as being a comment on his failure to take the witness stand. So far as appears, it was simply a statement of what transpired at the time of arrest.

Such statements might under some circumstances be error, but in this case even if it were error, it is difficult to see how it would be prejudicial to the defendant because the evidence was so clear that a jury could hardly fail to be convinced beyond any peradventure of a doubt that the defendant and his companion were the ones who committed the robbery.

There is no reversible error in this case, and the judgment of conviction is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.