492 P.2d 649

The STATE of Utah, Plaintiff and Respondent,

v.

Albert Allan MELTON, Defendant and Appellant.

No. 12149.

Supreme Court of Utah.

Jan. 3, 1972.

D. Gilbert Athay, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was found guilty of the crime of robbery and was thereafter sentenced to be incarcerated in the Utah State Prison for the term prescribed by law. From the verdict and judgment defendant is here seeking a reversal and in the alternative a new trial.

On the evening of June 26, 1969, one Frank Jamnik, an attendant at the Boston Building Garage, was robbed by a man with a shotgun. At the trial Jamnik identified the defendant as the one who committed the robbery. James Tea, a witness for the State, testified that the defendant had borrowed a shotgun from him between the hours of 5:00 and 6:00 o'clock p. m. and returned it on the same night at about 9:30 p. m. He did not remember the date when these events occurred.

On January 2, 1970, the defendant was arrested by two police officers of Salt Lake City. After the arrest and while the defendant was being taken to the jail for booking, the officers advised the defendant as to his constitutional rights including his right to remain silent and to have the assistance of counsel. The defendant stated that he understood his rights but had nothing to say about the robbery at that time. After booking the defendant at the Salt Lake City Jail, the officers were about to depart when the defendant called them back and stated that he wanted to talk. At that time the defendant was not again advised as to his rights but only about fifteen minutes had elapsed since the conversation in the automobile. During the conversation at the jail, defendant told the officers he had borrowed Tea's shotgun and held up the Boston Building Garage on June 26, 1969.

The defendant moved to suppress the evidence of his statements to the officers and a hearing was held by the court on the motion prior to trial. At the hearing the defendant testified that the officers threatened to charge him with other crimes and that steps would be taken to revoke his parole from a prior sentence. The officers testified that no threats were made nor promises made to the defendant but that he was advised as to other charges for his own information. The court denied the motion to suppress.

There is nothing in this record to suggest that the defendant was not fully advised as to his rights and that he did not intelligently waive the right to remain silent. The officers having admonished the defendant after his arrest and while en route to the jail, nothing in the record would indicate that the defendant was not

fully advised prior to his conversation with the officers at the jail.[1]

The defendant further complains that the name of the witness Tea was not disclosed by the bill of particulars and that he was taken by surprise by the testimony at the trial. However, the record discloses and the court found that the defendant or his counsel was advised prior to trial that he would be a witness.

After a careful consideration of the record we find no error which would justify a reversal or the remanding of this case for a new trial. The decision of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. State v. Moraine, 25 Utah 2d 51, 475 P.2d 831.