507 P.2d 1029

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Edward Jim GUERRERO, Defendant and Appellant.**

No. 13072.

Supreme Court of Utah.

March 13, 1973.

LeRay G. Jackson, Delta, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction by a jury of the crime of grand larceny. He was sentenced to the Utah State Prison for a term provided by law.

Defendant was found guilty of the felonious taking of three truck tires, which had previously been on a trailer parked at the mill site of Essex International near Fillmore, Utah. The driver of the truck discovered the tires missing on February 5, 1972; he notified the sheriff of his loss. The following Monday, the driver, Travis Layton, located one of the missing tires at a commercial garage owned by defendant's father-in-law. Subsequently, the other two tires were found in a cellar at the premises of defendant's father-in-law.

During the evening hours of the day that the tires were found, defendant was informed by relatives that Mr. Layton intended to file a criminal complaint. Defendant strolled into the edifice wherein the county attorney's office, the sheriff's office, and the court are located in Beaver, Utah. Mr. Layton and his wife, the county attorney, the sheriff, and others were in the county attorney's office, which is adjacent to the sheriff's office. When Mr. Layton observed defendant, he immediately engaged him in a conversation. Mr. Layton queried why defendant had stolen the tires, and defendant shrugged his shoulders and responded that he had no reason. Mr. Layton asked if the defendant needed the money that bad; and defendant replied that he needed the money. Mr. Layton remarked that it wasn't very smart to leave the jack sitting underneath the trailer, especially because it belonged to defendant's employer (a subcontractor at the mill site). At this point the sheriff interrupted the conversation, took the defendant into the adjoining office, placed him under arrest, and informed him of his constitutional rights.

The trial court conducted an evidentiary hearing to determine the admissibility of the admissions made by defendant to Mr. Layton. The trial court ruled that under the circumstances the constitutional rights of defendant had not been violated and that defendant had acted voluntarily. The court cited two factors: first, while defendant knew he was a suspect, at the time he made the statement, no officer had him in custody and no officer had requested that he appear at the county attorney's office; second, defendant, upon entering the building on his own volition, voluntarily and without coercion, influence or pressure, responded immediately to the questions by the party from whom the property was missing.

On appeal, defendant contends that under Miranda v. Arizona[1] his statements were inadmissible, since he had not been informed of his constitutional rights. Defendant ascribes to the aforementioned circumstances, a police-dominated atmosphere, which he contends by itself impels the mandatory application of an exclusionary rule of all admissions made by a criminal defendant.

■ Miranda v. Arizona[2] is not applicable; at the time defendant made the admissions, he was not under arrest and he had not been physically deprived of his freedom of action in any significant way, i. e., in custody.[3] Furthermore, Miranda v. Arizona does not proscribe the admission of a statement of a criminal defendant in custody which was not made in response to any process of interrogation initiated by the police or by someone acting as an agent or instrumentality of the police.[4]

Defendant further urges that the trial court erred in admitting certain statements made by defendant to the sheriff after defendant had been informed of his constitutional rights. Defendant contends that such statements were made involuntarily.

The trial court held an evidentiary hearing and ruled that the defendant made the statements freely and voluntarily, after he had been fully informed of his constitutional rights.

■ The record, and in particular defendant's testimony, sustains the determination of the trial court that defendant, with full awareness of his rights, waived his rights to remain silent and to have counsel present.[5]

Finally defendant contends that the trial court erred by denying his motion to dismiss and by submitting the case to the jury because the prosecution had failed to prove defendant's intent to commit larceny. Defendant has cited the facts which support the theory that he presented at trial, namely, that he took the tires with the understanding that he was removing his employer's property. Defendant concludes that all reasonable minds would find based on the evidence that he did not take the tires with an intent to steal.

■ A survey of the record fails to substantiate defendant's assertions. Criminal intent is often established by conduct and

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R.3d 974 (1966).

2. Note 1, supra.

3. State v. Carlsen, 25 Utah 2d 305, 308, 480 P.2d 736 (1971) ; People v. Sam, 71 Cal.2d 194, 77 Cal.Rptr., 804, 454 P.2d 700 (1969).

4. State v. Moraine, 25 Utah 2d 51, 54, 475 P.2d 831 (1970) ; Washington v. People, 169 Colo. 323, 455 P.2d 656 (1969) ; State v. Fletcher, 279 N.C. 85, 181 S.E. 2d 405 (1971) ; 31 A.L.R.3d 565, Anno: Custodial Interrogation with Miranda v. Arizona, Secs. 27(b) and 28(b).

5. State v. Scandrett, 24 Utah 2d 202, 207, 468 P.2d 639 (1970).

circumstances rather than expressions of intent.[6] The facts established by the record indicate that defendant took the tires and concealed them and subsequently admitted that he took them because he needed the money. The trial court properly submitted the issue of defendant's guilt to the jury.

The judgment of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

6. State v. Shonka, 3 Utah 2d 124, 127, 279 P.2d 711 (1955).